B 5 (Official Form  5) (12/07)

| UNITED STATES BANKRUPTCY COURT<br><br>Southern District of Florida | INVOLUNTARY PETITION |
|---|---|

| IN RE (Name of Debtor – If Individual: Last, First, Middle)<br><br>Rothstein Rosenfeldt Adler, P.A. | ALL OTHER NAMES used by debtor in the last 8 years (Include married, maiden, and trade names.) |
|---|---|
| Last four digits of Social-Security or other Individual's Tax-I.D. No./Complete EIN (If more than one, state all.):<br>EIN: 01-0587961 | |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code)<br><br>Las Olas City Centre, 401 E. Las Olas Blvd. Ste 1650<br>Fort Lauderdale, FL<br><br>COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS<br>Broward                ZIP CODE<br>                           FL 33301 | MAILING ADDRESS OF DEBTOR (If different from street address)<br><br><br><br>                              ZIP CODE |

| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR  (If different from previously listed addresses) |
|---|

| CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED<br><br>        ☐ Chapter 7     ☑ Chapter 11 |
|---|

| INFORMATION REGARDING DEBTOR (Check applicable boxes) |
|---|

| **Nature of Debts**<br>(Check **one** box.)<br><br>Petitioners believe:<br><br>☐   Debts are primarily consumer debts<br>☑   Debts are primarily business debts | **Type of Debtor**<br>(Form of Organization)<br>☐   Individual (Includes Joint Debtor)<br>☑   Corporation (Includes LLC and LLP)<br>☐   Partnership<br>☐   Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br><br>_____ | **Nature of Business**<br>(Check **one** box.)<br>☐   Health Care Business<br>☐   Single Asset Real Estate as defined in 11 U.S.C. § 101(51)(B)<br>☐   Railroad<br>☐   Stockbroker<br>☐   Commodity Broker<br>☐   Clearing Bank<br>☑   Other<br>       Law Firm |
|---|---|---|

| VENUE | FILING FEE (Check one box) |
|---|---|
| ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District. | ☑ Full Filing Fee attached<br><br>☐ Petitioner is a child support creditor or its representative, and the form specified in § 304(g) of the Bankruptcy Reform Act of 1994 is attached. *[If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.]* |

| PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER<br>OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.) | | |
|---|---|---|
| Name of Debtor | Case Number | Date |
| Relationship | District | Judge |

| **ALLEGATIONS**<br>(Check applicable boxes)<br><br>1.   ☑ Petitioner (s) are eligible to file this petition pursuant to 11 U.S.C. § 303 (b).<br>2.   ☑ The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.<br>3.a. ☑ The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount;<br>                        or<br>   b. ☐ Within 120 days preceding the filing of this petition, a custodian, other than a trustee receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession. | COURT USE ONLY |
|---|---|

B 5 (Official Form 5) (12/07) – Page 2

**Name of Debtor** Rothstein Rosenfeldt

**Case No.**_____

| TRANSFER OF CLAIM |
|---|
| Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents that evidence the transfer and any statements that are required under Bankruptcy Rule 1003(a). |

| REQUEST FOR RELIEF |
|---|
| Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition. If any petitioner is a foreign representative appointed in a foreign proceeding, a certified copy of the order of the court granting recognition is attached. |

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| | |
|---|---|
| x_____<br>Signature of Petitioner or Representative (State title)<br>Roger Wittenberns | x_____  11/10/09<br>Signature of Attorney                            Date<br>John H. Genovese, Esq.  – Co-Counsel |
| Name of Petitioner              Date Signed   11/10/09 | Name of Attorney Firm (If any)<br>GJB, 100 SE 2nd Street, Ste 4400, Miami, FL 33131 |
| Name & Mailing<br>Address of Individual   10 Harborage<br>Signing in Representative   Ft. Laud FL. 33316<br>Capacity | Address<br>(305) 349 2300<br>Telephone No. |

| | |
|---|---|
| x_____<br>Signature of Petitioner or Representative (State title) | x_____  11-10-09<br>Signature of Attorney                            Date<br>Jeffrey K. Sonn, Esq - Co-Counsel |
| Name of Petitioner              Date Signed | Name of Attorney Firm (If any)<br>Sonn & Erez, PLC, 500 E Broward Blvd |
| Name & Mailing<br>Address of Individual   _____<br>Signing in Representative<br>Capacity   _____ | Address<br>St 1600, Ft. Lauderdale, FL 33394<br>Telephone No.<br>(954) 763-4700 |

| | |
|---|---|
| x_____<br>Signature of Petitioner or Representative (State title) | x_____<br>Signature of Attorney                            Date |
| Name of Petitioner              Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing<br>Address of Individual   _____<br>Signing in Representative<br>Capacity   _____ | Address<br>Telephone No. |

| PETITIONING CREDITORS | | |
|---|---|---|
| Name and Address of Petitioner<br>Roger Wittenberns | Nature of Claim<br>Inv. Guaranteed by Firm | Amount of Claim<br>300,000.00 |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Note:   If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | | Total Amount of Petitioners' Claims |

_____continuation sheets attached

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                            Case No.

ROTHSTEIN ROSENFELDT ADLER, P.A.,                 Involuntary Chapter 11 Proceeding

     Alleged Debtor.
_____/

## JOINDER OF ADDITIONAL PETITIONING
## CREDITOR TO INVOLUNTARY PETITION

    1.    Creditor, _Bonnie Barnett_ (hereinafter the "Joining Creditor"), hereby joins in the involuntary petition filed against Rothstein Rosenfeldt Adler, P.A. (hereinafter the "Alleged Debtor") on _____ pursuant to 11 U.S.C. § 303.

    2.    The Joining Creditor's claim totals _$500,000.00_. Such claim is unsecured, is not contingent and is not the subject of a bona fide dispute.

    3.    The Joining Creditor's claim is based upon _Investment in law firm (Debtor's) structured settlement, guaranteed by law firm._

    **WHEREFORE**, the Joining Creditor respectfully requests this Honorable Court to enter an Order for Relief against the Alleged Debtor pursuant to 11 U.S.C. § 303 and for such other and further relief as the Court may deem just and proper.

    The Joining Petitioner declares under penalty of perjury that the foregoing is true and correct according to the best of his/her/its knowledge, information and belief.

Dated: _11/10/09_       By: _Bonnie Barnett_ .
                         [signature of petitioner]

                        _BONNIE BARNETT_
                        [printed name of petitioner or corporate representative

                        (state title)]

                        _c/o Sonn+Erez, PLC_
                        _500 E. Broward Blvd, Ste 1600_
                        _Fort Lauderdale, FL 33394_

                        [insert mailing address of petitioner]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                              Case No.

ROTHSTEIN ROSENFELDT ADLER, P.A.,                  Involuntary Chapter 11 Proceeding

    Alleged Debtor.

_____/

## JOINDER OF ADDITIONAL PETITIONING
## CREDITOR TO INVOLUNTARY PETITION

1.    Creditor, _Aban Development Inc._(hereinafter the "Joining Creditor"), hereby joins in the involuntary petition filed against Rothstein Rosenfeldt Adler, P.A. (hereinafter the "Alleged Debtor") on _____ pursuant to 11 U.S.C. § 303.

2.    The Joining Creditor's claim totals _$ 345,000_. Such claim is unsecured, is not contingent and is not the subject of a bona fide dispute.

3.    The Joining Creditor's claim is based upon _Investment in LAW Firm's structured settlement, guarenteed by law firm_.

**WHEREFORE**, the Joining Creditor respectfully requests this Honorable Court to enter an Order for Relief against the Alleged Debtor pursuant to 11 U.S.C. § 303 and for such other and further relief as the Court may deem just and proper.

The Joining Petitioner declares under penalty of perjury that the foregoing is true and correct according to the best of his/her/its knowledge, information and belief.

Dated: _November 10 2009_ By: _____
                                 [signature of petitioner]

                  _Keirin Shanahan, Pres._
                  [printed name of petitioner or corporate representative

                  (state title)]

                  _Aban Development Inc._
                  _c/o Sonn teter plc_
                  _500 E. Broward Blvd # 1600_
                  _Fort Lauderdale, FL 33394_
                  [insert mailing address of petitioner]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                          Case No.

ROTHSTEIN ROSENFELDT ADLER, P.A.,               Involuntary Chapter 11 Proceeding

     Alleged Debtor.

_____/

## JOINDER OF ADDITIONAL PETITIONING
## CREDITOR TO INVOLUNTARY PETITION

    1.    Creditor, _____Universal Legal_____ (hereinafter the "Joining Creditor"), hereby joins in the involuntary petition filed against Rothstein Rosenfeldt Adler, P.A. (hereinafter the "Alleged Debtor") on _____November 10, 2009_____ pursuant to 11 U.S.C. § 303.

    2.    The Joining Creditor's claim totals _____$7,800._____. Such claim is unsecured, is not contingent and is not the subject of a bona fide dispute.

    3.    The Joining Creditor's claim is based upon _____Staffing/Recruitment Services_____.

    **WHEREFORE**, the Joining Creditor respectfully requests this Honorable Court to enter an Order for Relief against the Alleged Debtor pursuant to 11 U.S.C. § 303 and for such other and further relief as the Court may deem just and proper.

    The Joining Petitioner declares under penalty of perjury that the foregoing is true and correct according to the best of his/her/its knowledge, information and belief.

Dated: _November 10, 2009_      By: _____
                                   [signature of petitioner]

                  _____David Welch - President_____
                  [printed name of petitioner or corporate representative

                  (state title)]

                  _____888 East Las Olas Blvd Suite 508_____
                  _____Fort Lauderdale, FL  33301__

                  [insert mailing address of petitioner]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

IN RE:                                        CASE NO.:  09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,[1]          INVOLUNTARY CHAPTER 11

          Alleged Debtor.

_____/

**CONSENT TO ORDER FOR RELIEF IN INVOLUNTARY CASE**

          Rothstein Rosenfeldt Adler, P.A. ("RRA" or "Alleged Debtor"), by and through Herbert

Stettin, the Chapter 11 Trustee, gives notice of its consent to the entry of an *Order for Relief* in

this involuntary case.

Dated: November 25, 2009                      Respectfully submitted,

                                              BERGER SINGERMAN, P.A.
                                              *Attorneys for the Chapter 11 Trustee*
                                              200 S. Biscayne Blvd., Ste. 1000
                                              Miami, FL  33131
                                              Telephone:  (305) 755-9500
                                              Facsimile:  (305) 714-4340

                                              By:  _/s/  Jordi Guso_____
                                                      Paul Steven Singerman
                                                      singerman@bergersingerman.com
                                                      Florida Bar No. 378860
                                                      Jordi Guso
                                                      jguso@bergersingerman.com
                                                      Florida Bar No. 0863580

---

[1] The address and last four digits of the taxpayer identification number of the Alleged Debtor, Rothstein Rosenfeldt
Adler, P.A., is Las Olas City Centre, 401 E. Las Olas Blvd, Suite 1650, Fort Lauderdale, Florida 33301 (TIN 7961).

**CGFD75** (11/12/08)



**ORDERED in the Southern District of Florida on November 30, 2009**

**Raymond B Ray**
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 09–34791–RBR**

**Chapter: 11**

**In re:**  *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Rothstein Rosenfeldt Adler, PA
Las Olas City Centre
401 E Las Olas Blvd #1650
Ft Lauderdale, FL 33301

EIN: 01–0587961

## ORDER FOR RELIEF IN INVOLUNTARY CASE AND ORDER SETTING DEADLINE FOR FILING SCHEDULES, STATEMENTS AND OTHER DOCUMENTS

An involuntary petition was filed on **November 10, 2009** against the above–named debtor.

- ☐ The debtor has failed to file any timely pleading or defense to the petition as required by Bankruptcy Rule 1013(b).

- ☐ The debtor has filed a motion to convert the involuntary case from chapter 7 to chapter pursuant to Local Rule 1013–1(B).

- ☑ The debtor has filed a response consenting to relief under the same chapter under which the involuntary petition was filed.

- ☐ The debtor has filed a response contesting the involuntary petition or requesting conversion to chapter and a hearing was held on at which the court heard from all interested parties.

*Page 1 of 3*

It is **ORDERED** that relief under chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) is granted.

Jordi Guso is directed to file with the Clerk, United States Bankruptcy Court, the following items and comply with the following directives:

1.  Within 15 days from the date of this order, the individual named above shall file schedules, statements, and, if the debtor is an individual (applicable to both joint debtors), payment advices (or indicate why any or all payment advices will not be filed on the Local Form "Declaration Regarding Payment Advices") as required by Bankruptcy Rules 1007(b)(1) and 1007(c) and Local Rule 1007–1(F) together with a matrix of creditors as required by the "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices" pursuant to Local Rules 1007–1 and 1007–2.

2.  Within 15 days from the date of this order, if the debtor is an individual, the debtor shall file

    A.  the Official Bankruptcy Form "Statement of Social–Security Number(s)(or other Individual Taxpayer Identification Number(s) (ITIN(s)))" as required by Bankruptcy Rule 1007(f), and Local Rule 1002–1(A)(1); and

    B.  Official Bankruptcy Form 22 for the applicable chapter if required.

3.  Within 15 days from the date of this order, if the debtor is a corporation or other entity listed in Local Rule 1002–1(A)(2), the debtor shall file a corporate ownership statement as required by Bankruptcy Rule 1007(a)(1) and Local Rule 1002–1(A)(2).

4.  If the debtor is an individual and if relief has been entered under chapter 7 , the individual named above shall also file within 30 days from the date of this order or the date of the creditors' meeting whichever is earlier, an Official Bankruptcy Form "Chapter 7 Individual Debtor's Statement of Intention" (Official Form 8) as required by 11 U.S.C. §521(a)(2)(A) and Bankruptcy Rule 1007(b)(2).

5.  If relief has been entered under chapter 11 , the individual named above shall:

    A.  File a list of equity security holders within 15 days from the date of this order as required by Bankruptcy Rule 1007(a)(3);

    B.  File a list of the 20 largest unsecured creditors (accompanied by an unsworn declaration) as required by Bankruptcy Rule 1007(d) within two days of the date of this order; and

    C.  File reports as required by the U.S. Trustee and required under Local Rule 2015–1 and the payroll and sales tax reports and case management summary required under Local Rule 2081–1.

    D.  As required under 11 U.S.C. §1116(1), if the case is a small business case, file within seven days the most recent balance sheet, statement of operations, cash flow statement and Federal income tax return or a statement made under penalty of perjury that no balance sheet, statement of operations, or cash flow statement has been prepared and no Federal tax return has been filed. Access to filed tax returns filed will be restricted as provided under Local Rule 5005–1(A)(2)(c).

*Page 2 of 3*

6.    If this case was filed under chapter 7 and the debtor requested conversion to chapter 11, debtor shall pay the balance of the filing fee due of $755.00.

7.    If this case was filed under chapter 11 and the debtor requests conversion to chapter 7, debtor shall immediately remit to the clerk of court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if not previously paid by the debtor).

8.    If relief has been entered under chapter 13, the individual named above shall:

    A.    File within 15 days from the date of this order, a chapter 13 plan on the Local Form required by Local Rule 3015–1(B); and

    B.    Commence plan payments to the chapter 13 trustee within 30 days from the date of this order in the manner prescribed by that trustee pursuant to Local Rule 3070–1.

9.    File the Local Form "Declaration Under Penalty of Perjury to Accompany Petitions, Schedules, and Statements Filed Electronically" as required under Local Rule 1007–1(D).

10.   If relief has been entered under chapter 12, the debtor shall file, within 90 days from the date of this order, a chapter 12 plan pursuant to 11 USC §1221 and Local Rule 3015(A).

*# # #*

The clerk of court shall serve copies of this order on the following parties:

    Debtor and Attorney for Debtor
    Trustee or U.S. Trustee (as applicable)
    Petitioning Creditors and Attorney for Petitioning Creditors
    All Appearances

*Page 3 of 3*



**ORDERED in the Southern District of Florida on August 13, 2010.**

Raymond B. Ray, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                    CASE NO.:  09-34791-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,        CHAPTER 11

    Debtor.
_____/

### ORDER RESPECTING PRODUCTION OF
### DOCUMENTS REGARDING JEFFREY EPSTEIN

THIS CAUSE came before the Court for hearing on August 4, 2010 upon (i) Motion to Compel Production of Documents from Trustee Pursuant to Document Production Protocol, as established by D.E. #672 (D.E. #807); (ii) Motion for Protective Order filed by Interested Party Farmer, Jaffe, Weissing, Edwards, Fistos and Lehrman, P.L. ("Farmer, Jaffe") (D.E. #818) and its related amendment (D.E. #819).  The Court heard argument of all counsel present at the hearing, and being otherwise duly advised in the premises,

DOES HEREBY ORDER:

1.     The Court appoints former Broward County Circuit Judge Robert Carney as Special Master who shall work with counsel for the Trustee to obtain documents responsive to the subpoena served upon the Trustee by Jeffrey Epstein to: (i) review all electronically stored information ("ESI") and other documents in the Trustee's possession, including Qtask data for purposes of determining the applicability of the attorney/client and work product privileges that may inure to the benefit of L.M., Brad Edwards, and other current or former clients of Farmer, Jaffe; (ii) segregate any such privileged documents; and (iii) prepare a privilege log in accordance with standard practice and law.

2.     Prior to engaging in this document review, the Special Master shall meet with counsel for Epstein, counsel for Farmer, Jaffe and counsel for the Trustee to hear their respective positions concerning these matters.  Upon completion of the review by the Special Master, the Special Master shall prepare and file a privilege log with the Court.  No documents or ESI shall be released to anyone until such time as the Special Master has notified the Court that he has concluded his review of the responsive documents and is in a position to report to the Court his findings and to obtain further instruction.  Upon the filing of such notice by the Special Master, the Court shall set a continued hearing on the pending motions identified above.  All legal fees and costs incurred by the Special Master shall be paid by Epstein, who has agreed to pay directly all such fees and costs.

# # #

Submitted by:
Charles H. Lichtman, Esq.
BERGER SINGERMAN, P.A.,
350 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Telephone:  (954) 525-9900
Facsimile:  (954) 523-2872
clichtman@bergersingerman.com


Copy furnished to:
Charles H. Lichtman, Esq.
 *(Charles H. Lichtman  is directed to serve this Order to all parties of interest and to file a Certificate of Service.)*



**ORDERED in the Southern District of Florida on September 12, 2011.**

Raymond B. Ray, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                      CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,          CHAPTER 11

      Debtor.

_____/

**ORDER GRANTING TRUSTEE'S MOTION TO
MODIFY DOCUMENT PRODUCTION PROTOCOL [D.E. 1937]**

THIS MATTER came before the Court on August 30, 2011 at 9:30 a.m on the Trustee's

Motion to Modify Document Production Protocol (the "Motion")(D.E. 1937), and the objections

to the Motion filed by TD Bank, N.A. ("TD Bank")(D.E. 1956), Gibraltar Private Bank and

Trust Company ("Gibraltar")(D.E. 1955) and Platinum Partners Value Arbitrage Fund,

Centurion Structured Growth and Level 3 Capital Fund (the "Funds")(D.E. 1957).  The Court,

having reviewed the Motion and the objections, having heard the arguments of counsel, having

considered the relevant portions of the record in this case and otherwise being fully advised,

      **ORDERS** as follows**:**

1.      The Motion is **GRANTED** as follows:

2.      The Court approves the following protocol to govern any subpoena or request for production of documents or ESI from the Trustee, subject to paragraph 3. below:

(a)     Where applicable, based on the documents requested, the Trustee shall provide the Requesting Party access to all Exchange Database ("EDB") files for the following users:  Scott Rothstein, Stuart Rosenfeldt, Russell Adler, Debra Villegas, Irene Stay, Curtis Renee, William Corte, David Boden, William Boockvor ("Bill Brock"). This data will be made available through a Summation-hosted electronic document "room" accessible via the internet.  The requesting party will be responsible for obtaining user and log-in information from Summation and for paying the costs associated with obtaining such access.

(b)     Regarding requests involving data other than that listed in paragraph (a) above, the Requesting Party shall provide the Trustee a list of proposed search criteria, including names of targeted custodians, search terms, date ranges, to/from, subject line contents, or other criteria ("Search") to be applied against Summation Data.  The Requesting Party and the Trustee will work in good faith to agree upon a list of reasonable search criteria, with the expectation that initial searches should be narrowly tailored, with the Requesting Party retaining the right to seek additional relevant data through the use of additional search criteria.  If, despite the good faith efforts of the parties, they are unable to agree to such search criteria, the Requesting Party may bring the issue before the Court for a determination of appropriate search criteria, in which case, the Court may consider shifting the cost of such inspection and any resulting production to the Requesting Party.

(c)     Regarding electronically stored information ("ESI") in the Trustee's possession or control not included in the Summation Data, the Trustee shall, upon a showing of necessity, make such ESI available for inspection by the Requesting Party at a location in South Florida of the Trustee's choosing and at the Requesting Party's expense.  The parties will work in good faith to agree as to the Requesting Party's necessity regarding the inspection of such data.  If, despite the best good faith efforts of the parties, the parties are unable to agree to such, the Requesting Party may bring the issue before the Court for a determination of necessity, in which case, the Court may consider shifting the full cost of such inspection and any resulting production to the Requesting Party. If such inspection reasonably requires the supervision or assistance of any of the Trustee's professionals, or any third parties, the Requesting Party shall pay all costs related to such professionals' time.  If, upon inspection of the foregoing data, the Requesting Party finds what that party contends is responsive

2

data, the Requesting Party shall indicate such data to the Trustee. The Trustee shall have the right to then inspect such data for privilege. If the Trustee determines any of such data contains privileged materials, the Trustee will inform the Requesting Party of such privilege and provide a privilege log. Upon such review, the Trustee, at the Trustee's discretion, will either provide a copy, or allow the Requesting Party to copy any non-privileged data.

**The foregoing shall apply to ESI produced to the Trustee by third parties pursuant confidentiality agreements between the Trustee and the producing third parties. The Trustee shall, where applicable based on the ESI requested, make such ESI available to Requesting Parties notwithstanding such ESI having been previously identified by the producing third party as confidential.**

(d)  The Trustee shall make hard-copy documents, and documents and data provided to the Trustee by third parties, available for inspection by the Requesting Party, either, at the Trustee's discretion, at the offices of Trustee's counsel in Fort Lauderdale or such other location as Trustee's counsel may designate. If, upon inspection of documents, the Requesting Party finds what that party contends are responsive documents, the Requesting Party shall identify such documents to the Trustee. The Trustee shall have the right to then inspect such documents for attorney-client privileged documents. If the Trustee determines any of such documents contain attorney-client privileged documents, the Trustee will inform the Requesting Party of such privilege and provide a privilege log. Upon such review, the Trustee, at the Trustee's discretion, will either provide a copy any non-privileged documents, or allow such documents to be copied by a vendor selected by the Trustee.

**The foregoing shall apply to hard-copy documents produced to the Trustee by third parties pursuant to confidentiality agreements between the Trustee and the producing third parties. The Trustee shall, where applicable based on the documents requested, make such documents available to Requesting Parties notwithstanding such documents having been previously identified by the producing third party as confidential.**

(e)  Additionally, notwithstanding the foregoing, the Trustee shall have the right to reasonably refuse access of any party to any ESI or documents based on privilege, confidentiality, relevance, or upon any other reasonable and good faith basis, subject to an order of the Court requiring the Trustee provide access to such documents or ESI.

(f)     The Trustee shall have the right to seek an order of the Court requiring any Requesting Party to pay the costs associated with any inspection and/or production of documents related to such Requesting Party's request.

(g)     Unless otherwise expressly agreed by the Trustee, Requesting Parties are required to enter into a Stipulated Protective Order and an Agreed Confidentiality Order (in substantially the forms attached as **Exhibits A and B**, respectively) prior to any entitlement to receive production from the Trustee.   Pursuant to the Stipulated Protective Order, Requesting Parties shall, in accordance with Federal Rule of Evidence 502, be required to notify the Trustee upon the discovery of any privileged materials, or any document or ESI the Requesting Party has reason to believe may contain privileged materials, contained in any of the documents of ESI produced by the Trustee, and to destroy or return such materials to the Trustee at the Trustee's direction.

(h)     Should a Requesting Party fail to act in compliance with the Stipulated Protective Order or an order approving this modified protocol, the Trustee shall have the right to move for immediate emergency injunctive and/or declaratory relief regarding such noncompliance.

(i)     Prior to the Requesting Party publishing, filing, or distributing any ESI or documents obtained via this protocol, or any information contained therein, to any third party, with the exception of experts or other professionals retained by the Requesting Party, the Requesting Party shall identify such ESI or documents to the Trustee who shall have the right to inspect such ESI or documents for privileged material.  If the Trustee determines any of such data contains privileged materials, the Trustee will inform the Requesting Party of such privilege, the party shall be precluded from disclosing or disseminating the ESI or documents, and shall return or destroy such ESI or documents as set forth above regarding privileged material.

(j)     The terms of subparagraphs (b) and (c) above shall apply to both ESI and hard-copy documents already produced to the Trustee, as well as documents produced to the Trustee after the entry of this Order.  If a party producing documents to the Trustee wishes to except document from this Order, and if the Trustee does not agree to except such documents from this Order, the producing party may seek a court order, from this Court or any court of competent jurisdiction, excepting such documents from this Order.

(k)     The Trustee shall keep any keywords or search criteria provided to the Trustee by any Requesting Party confidential, and shall disclose such criteria only as ordered by a court of competent jurisdiction.

(l)     Assuming compliance with this Order, any inadvertent disclosure of privileged material by the Trustee to any requesting party shall not be construed as a waiver of any privilege pursuant to Federal Rule of Evidence 502(d) and (e) and Federal Rule of Civil Procedure 26(b)(5)(B), regardless of state decisional law.

3.     The Objections to the Motion filed by TD Bank (D.E. 1956), and Gibraltar (D.E. 1955) are **GRANTED IN PART, AND DENIED IN PART**.   The following shall apply to documents and ESI produced to the Trustee by TD Bank or Gibraltar (collectively, the "Banks"):

(a)     Within five business days of the entry of this Order, TD Bank will provide the Trustee with a letter setting forth the bates numbers of all documents TD Bank has previously produced which TD Bank seeks to except from this Protocol.   These documents will be deemed designated "Trustee Confidential."

(b)     Notwithstanding anything in this Order to the contrary, neither the Trustee nor his professionals shall produce or make available for viewing documents designated by TD Bank as "Trustee Confidential," or those documents marked "Confidential" by Gibraltar, unless (i) TD Bank or Gibraltar agrees to such production, as applicable, (ii) the Trustee has obtained the same documents from another source that, to the knowledge of the Trustee or his professionals, is not violating any confidentiality agreement or confidentiality obligation to either of the Banks or banking regulators by providing such documentation to the Trustee, or (iii) otherwise ordered by a court of competent jurisdiction.

(c)     Except for the documents designated by TD Bank as "Trustee Confidential," the Trustee may produce or make available for inspection, any and all documents provided by TD Bank to RRA, the Trustee, or any of his representatives or professionals.

(d)     As to any prospective production(s) by either TD Bank or Gibraltar to the Trustee, the Banks shall mark any documents that TD Bank or Gibraltar intends to except from the provisions of this Order "Trustee Confidential." Subject to the Trustee's ability to challenge the "Trustee Confidential" designation as set forth below, documents designated "Trustee Confidential" shall be excepted from the provisions of this Order.

(e)     As to any documents designated by TD Bank as "Trustee Confidential" or designated by Gibraltar as "Confidential" (previously or prospectively produced), if TD Bank or Gibraltar and the Trustee cannot agree that such documents should be excepted from the Protocol,  the Trustee shall inform

TD Bank or Gibraltar, as applicable, in writing, and TD Bank or Gibraltar will have 10 business days from such notice to seek an order from this Court or any other court of competent jurisdiction precluding production of such documents by the Trustee and/or granting any other or further relief TD Bank or Gibraltar deems appropriate.  If such a motion is made by TD Bank or Gibraltar, the Trustee shall not produce or make available for viewing such documents except upon an adjudication of the Bank's motion permitting him to do so, or any other order from a court of competent jurisdiction requiring such production.

(f)     If documents designated "Trustee Confidential" (or "Confidential" as it concerns documents previously produced by Gibraltar) are responsive to third party document requests or subpoenas served on the Trustee, the Trustee will generally advise the requesting party that the Trustee is in possession of such documents, but that, due to confidentiality concerns, the requesting party should request such documents directly from TD Bank or Gibraltar, as applicable.  If a requesting party moves to compel the Trustee to produce documents designated "Confidential" or "Trustee Confidential," the Trustee will provide TD Bank or Gibraltar, as applicable, with a copy of such motion and a copy of the relevant document request or subpoena, within 3 business days of being served with such motion following service on the Trustee (or, if emergency or expedited relief is requested, sufficiently in advance of any hearing, but not later than 3 days after being served with such motion), in order to allow TD Bank or Gibraltar to seek an order from this Court or any other court of competent jurisdiction precluding production of such documents by the Trustee and/or granting any other or further relief TD Bank or Gibraltar, as applicable, deems appropriate.  If TD Bank or Gibraltar makes such a motion, the Trustee shall not produce or make available for viewing such documents except upon an adjudication of such motion permitting him to do so, or any other order from a court of competent jurisdiction requiring such production.

(g)     Notwithstanding anything in this Order to the contrary, neither the Trustee nor his professionals shall produce or make available for viewing any court filings or deposition transcripts redacted for confidentiality or filed under seal with a court or any exhibits redacted for confidentiality or filed under seal with a court that have been, or are, produced to the Trustee by either of the Banks, or employees, former employees, experts or representatives of the Banks, or court reporters, that are otherwise in the possession of the Trustee, unless (i) TD Bank or Gibraltar, as applicable, agrees to such disclosure, or (ii) otherwise ordered by a court of competent jurisdiction.

4.      The objections set forth in the Objection to the Motion filed by Platinum Partners Value Arbitrage Fund, Centurion Structured Growth and Level 3 Capital Fund (the "Funds")(D.E. 1957) are reserved subject to further order of this Court in the adversary proceeding *Stettin v. Centurion Structured Growth, LLC et al.,* Adv. No. 10-03802-BKC-RBR-A.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

#   #   #

Submitted by:
Charles H. Lichtman, Esq.
BERGER SINGERMAN, P.A.,
Attorneys for Chapter 11 Trustee, Herbert Stettin
350 E. Las Olas Blvd.
Suite 1000
Telephone:  (954) 525-9900
Facsimile:  (954)523-2872
Direct Telephone: (954) 712-5138
clichtman@bergersingerman.com

Copy furnished to:
Charles H. Lichtman, Esq.
*(Attorney Lichtman  is directed to serve this Order to all parties of interest and to file a Certificate of Service.)*

3911695-1

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,　　　Case No. 09-34791-BKC-RBR
　　　　　　　　　　　　　　　　　　　　　Chapter 11

　　　　Debtor.
_____/

**STIPULATED PROTECTIVE ORDER BY AND
BETWEEN TRUSTEE AND _____**

　　　　Plaintiff, Herbert Stettin, the Chapter 11 Trustee ("Trustee") of Rothstein Rosenfeld

Adler, P.A. ("RRA" or "Debtor"), and _____, by and through their undersigned counsel,

and pursuant to this Court's Order Granting Trustee's Motion Seeking a Protective Order and

Approving Proposed Document Production Protocol (D.E. 672) and Order Granting Trustee's

Motion to Modify Document Production Protocol (D.E. ___ ), hereby agree to and request Court

approval of the following stipulation:

　　　　It is expected that, to facilitate the sharing of RRA documents and electronically stored

information ("ESI"), _____ will submit search criteria, including names of targeted

custodians, search terms, date ranges, to/from, subject line contents, or other criteria to the

Trustee to utilized in identifying ESI potentially responsive to _____.  It is further

anticipated that the Trustee's counsel and _____ will agree upon certain such search criteria

prior to the Trustee's counsel performing searches of ESI.  Both Parties seek the protection of the

Court to ensure that they may share such information while preserving all applicable privileges,

including those pertaining to RRA's former clients.  It is therefore

1

**ORDERED** as follows:

1.      Should any information, including documents and ESI, provided to _____ in accordance with this Stipulation contain information protected by the attorney/client privilege or work-product doctrine, the production of such information shall be deemed inadvertent and the privilege or protection regarding such material shall not be deemed waived by such disclosure in this or any other action in any other Federal or State proceeding, pursuant to Federal Rule of Evidence 502(d),(e) and Federal Rule of Civil Procedure 26(b)(5)(B), regardless of state decisional law.   _____ shall immediately return any documents, ESI or other RRA information produced by the Trustee that is, or appears that it may be protected by attorney/client privilege including any privileges pertaining to RRA's former clients.

2.      Neither _____ nor its counsel shall publish, disseminate, or make public any documents or ESI, or the contents thereof, provided by the Trustee pursuant to this Stipulation without first submitting the documents or ESI to be used to the Trustee or his counsel for authorization, unless _____ or its counsel obtained the identical information from another non-privileged source.   The Trustee shall examine any documents or ESI to be used by _____ for privilege or protection before authorizing its use by _____, which authorization shall not be withheld unreasonably.   _____ shall promptly return any documents or ESI identified by the Trustee as containing privileged material.   _____ must receive written authorization from the Trustee prior to any publication, dissemination, or use of any documents or ESI received from the Trustee pursuant to this Stipulation which would make those documents or ESI public.   If the parties, after their best good faith efforts to resolve any disputes, disagree as to the privilege nature of any documents or ESI produced according to this Stipulation, _____ shall have the right to bring the matter before the Court for resolution.

3.      Neither the Trustee nor his counsel shall publish, disseminate, or make public the list of search criteria submitted by _____ or its counsel, nor a list of the documents or ESI supplied to _____ or its counsel unless ordered to do so by a court of competent jurisdiction.

4.      If the Trustee or any third party identifies that privileged documents or ESI have been produced to the _____, and the _____ fails to promptly return such information, or if any unauthorized publication, dissemination or any other prohibited use of information provided by the Trustee to the _____ occurs in violation of this Stipulated Protective Order, the Trustee may move for injunctive relief on an emergency and/or expedited basis, including the application for an *ex parte* order enjoining possession, publication or other use of any documents or ESI provided by the Trustee to the _____.

5.      This protective order is not intended to nor does it apply to any person or party not explicitly named herein.

# # #

Submitted by:
_____, Esq.
BERGER SINGERMAN, P.A.,
Attorneys for Chapter 11 Trustee, Herbert Stettin
350 E. Las Olas Blvd.
Suite 1000
Telephone:  (954) 525-9900
Facsimile:  (954)523-2872
Direct Telephone: (954) 712-5138
_____@bergersingerman.com

Copy furnished to:
_____, Esq.
*(Attorney _____ is directed to serve this Order to all parties of interest and to file a Certificate of Service.)*

3

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                   CASE NO.: 09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT ADLER, P.A.,        CHAPTER 11

     Debtor.
_____/

**AGREED CONFIDENTIALITY ORDER**

**THIS MATTER** came before the Court without hearing upon the Agreed *Ex Parte*

Motion for Entry of a Confidentiality Order [D.E. __] (the "Motion").  Upon

consideration of the Motion, the agreement of the parties, good cause appearing and the

Court being otherwise fully advised in the premises, IT IS

**ORDERED** as follows:

1.     The Motion is **GRANTED**.

2.     This Confidentiality Order governs the treatment of all documents and other

written, recorded, computerized, electronic or graphic matters, copies, excerpts or summaries of

documents ("Discovery Material") produced by any party or non-party in the Proceeding.

3.     Any party or non-party that produces Discovery Material in this Proceeding may

designate as "Confidential" any Discovery Material that it believes in good faith contains

confidential and/or proprietary information.  All Discovery Material so designated shall be

referred to in this Confidentiality Order as "Confidential Discovery Material" and shall be

handled in strict accordance with the terms of this Confidentiality Order.

1

4.     To designate Discovery Material as "Confidential," the party shall mark the document as "CONFIDENTIAL" on the face of the document and on each page or portion thereof so designated or, in the case of electronically-stored or computer-stored documents (*e.g.,* pdf documents or documents stored on CDs, DVDs or other media), identify the document by document number, file number or in any other manner that will enable the ready identification of the subject document.

5.     Absent further agreement of the parties, or an order of this Court, all Confidential Discovery Material and its contents shall be used only for this Proceeding (including mediation, arbitration, trial, and appeals) (collectively, the "Pending Actions"), and such Confidential Discovery Material shall not be voluntarily disclosed or produced to any person, entity or party other than the following: (A) the parties or officers or employees or other authorized agent(s) of any party to the Pending Actions, (B) the attorneys, their staff members, and any third-party contractors, including employees and agents thereof involved solely in one or more aspects of organizing, filing, copying, coding, converting, sorting, or otherwise duplicating documents, retrieving data or designing programs for handling data in connection with the Pending Actions, including the performance of such duties in relation to a computerized litigation support system provided by such persons, (C) independent experts, consultants, and advisors employed or retained by counsel for the parties solely for the purpose of litigation of the Pending Actions, including but not limited to proposed expert witnesses, with whom counsel for any of the parties deems it necessary to consult concerning investigative, technical, financial or other aspects of the Pending Actions, (D) testifying witnesses in any of the Pending Actions, and (E) this Court, including its clerks, reporters and staff.

6.      Should any person to whom this Confidentiality Order applies wish to disclose any Confidential Discovery Material to any person, entity or party or use any such confidential or proprietary information for any purpose other than as authorized herein, such person, through counsel, shall advise counsel for all other parties of the requested disclosure or use.  If any party does not agree to the requested disclosure or use, the person requesting disclosure may file a motion in this Court seeking Court approval of the proposed disclosure or use, and, upon notice and a hearing, the Court shall determine the confidentiality of the Confidential Discovery Material at issue and determine whether good cause exists to permit the disclosure or use of such Confidential Discovery Material other than as provided herein.

7.      If any Confidential Discovery Material is to be disclosed in any brief, exhibit, discovery request, or response or other court paper served on any party or non-party, such brief, exhibit, discovery request, or response or other court paper shall be filed under seal, unless otherwise agreed between the parties in writing or ordered by the Court after notice and a hearing, prior to the filing of such Confidential Discovery Material with the Court. Furthermore, in the event a party seeks to use any Confidential Discovery Material in any hearing or at the trial of this action, the parties agree to seek relief from these confidentiality provisions or to advise the Court to take whatever measures may be reasonably necessary to maintain the confidentiality of said Confidential Discovery Material.

8.      The inadvertent failure to mark any Discovery Material, or a portion thereof, with the "Confidential" designation in no way alters or waives the protected and confidential nature of the Discovery Material otherwise deserving of such a designation and does not remove it from the scope of this Confidentiality Order, provided that the party designating such a Discovery Material as "Confidential" gives such notice in writing within thirty days after becoming aware

3

that the Discovery Material was not properly designated. Such written notice shall identify with specificity the Discovery Material that the party is then designating to be "Confidential" and the designating party shall promptly provide a replacement copy of such material with the appropriate designation thereupon. Treatment of inadvertently produced Confidential Discovery Material in a manner inconsistent with this Confidentiality Order prior to notice of such inadvertent production is not a breach of this Confidentiality Order.

9.      Except as otherwise agreed in writing by the parties, within 45 days after the expiration of the resolution or final judgment of this Proceeding, all Confidential Discovery Material and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall, at the possessing party's choice, be returned to the party producing such Confidential Discovery Materials, or the party's counsel shall certify to the party producing such Confidential Discovery Materials that all such materials have been destroyed, except that counsel for each party subject to this Confidentiality Order may retain one complete and unredacted set of pleadings and papers filed in this Proceeding or served upon the other party to this Proceeding solely for reference. This Confidentiality Order shall survive the final termination of this Proceeding with respect to any such Confidential Discovery Material.

10.      Pursuant to the Rules of Court, the parties agree to the disposal by the Clerk of any Confidential Discovery Material filed under seal by destroying such documents six months after the closing of this case.

# # #

Submitted by:
_____, Esq.
BERGER SINGERMAN, P.A.,
Attorneys for Chapter 11 Trustee, Herbert Stettin
350 E. Las Olas Blvd.
Suite 1000
Telephone:  (954) 525-9900

4

Facsimile:  (954)523-2872
Direct Telephone: (954) 712-5138
_____@bergersingerman.com

Copy furnished to:
_____, Esq.
*(Attorney _____ is directed to serve this Order to all parties of interest and to file a Certificate of Service.)*

# Southern District of Florida
# Claims Register

## 09-34791-RBR Rothstein Rosenfeldt Adler, PA

**Judge:** Raymond B Ray    **Chapter:** 11
**Office:** Fort Lauderdale    **Last Date to file claims:** 05/12/2010
**Trustee:** Herbert Stettin    **Last Date to file (Govt):** 06/01/2010

| | | | |
|---|---|---|---|
| *Creditor:* (87517299) History | *Claim No: 1* | | *Status:* |
| Blue Capital US East Coast Properties, L.P. | *Original Filed Date:* 11/24/2009 | | *Filed by:* CR |
| | *Original Entered Date:* 11/24/2009 | | *Entered by:* Jeffrey C. Roth, Esq |
| | | | *Modified:* |

Amount     claimed: $22957.52
Unsecured claimed: $22957.52

*History:*

Details 🌐 1-1   11/24/2009 Claim #1 filed by Blue Capital US East Coast Properties, L.P., Amount claimed: $22957.52 (Roth, Jeffrey )

*Description:* (1-1) Money due under lease for commercial real estate
*Remarks:*

| | | | |
|---|---|---|---|
| *Creditor:* (87550363) | *Claim No: 2* | | *Status:* |
| State Service Corporation | *Original Filed Date:* 12/07/2009 | | *Filed by:* CR |
| 4030 Powerline Rd | *Original Entered Date:* 12/07/2009 | | *Entered by:* Susan Romano |
| Ft Lauderdale FL 33309 | | | *Modified:* |

Amount     claimed: $105.00
Unsecured claimed: $105.00

*History:*

Details 🌐 2-1   12/07/2009 Claim #2 filed by State Service Corporation, Amount claimed: $105.00 (Romano, Susan )

*Description:*
*Remarks:*

| | | | |
|---|---|---|---|
| *Creditor:* (87553256) | *Claim No: 3* | | *Status:* |
| US Legal Support, Inc. | *Original Filed Date:* 12/07/2009 | | *Filed by:* CR |
| c/o Werner Chaplin Corp Ar Mgr | *Original Entered Date:* 12/08/2009 | | *Entered by:* Melva Weldon |
| 363 N Sam Houston Pkwy E #900 | | | *Modified:* |
| Houston, TX 77060-2404 | | | |

Amount     claimed: $197706.43
Unsecured claimed: $197706.43

*History:*

Details 🌐 3-1   12/07/2009 Claim #3 filed by US Legal Support, Inc., Amount claimed: $197706.43 (Weldon, Melva )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87575363) | **Claim No: 4** | *Status:* |
| CIT Technology Financing Services Inc | *Original Filed* | *Filed by:* CR |
| Bankruptcy Processing Solutions | *Date:* 12/15/2009 | *Entered by:* Judy Shafron |
| 800 E Sonterra Blvd #240 | *Original Entered* | *Modified:* |
| San Antonio TX 78258 | *Date:* 12/15/2009 | |

   Amount    claimed: $83173.70

   Unsecured claimed: $83173.70

*History:*

Details 🌐 4-1   12/15/2009 Claim #4 filed by CIT Technology Financing Services Inc, Amount claimed: $83173.70 (Shafron, Judy )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87576238) | **Claim No: 5** | *Status:* |
| Leonid Dvosis | *Original Filed* | *Filed by:* CR |
| 3660 NE 166 St #515 | *Date:* 12/11/2009 | *Entered by:* |
| North Miami Beach, FL 33160 | *Original Entered* | *Modified:* |
| | *Date:* 12/15/2009 | |

   Amount    claimed: $26195.00

   Unsecured claimed: $26195.00

*History:*

Details 🌐 5-1   12/11/2009 Claim #5 filed by Leonid Dvosis, Amount claimed: $26195.00 (Aarons, Micheline )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87595761) | **Claim No: 6** | *Status:* |
| LexisNexis | *Original Filed* | *Filed by:* CR |
| A Div. of Reed Elsevier Inc. | *Date:* 11/27/2009 | *Entered by:* Amelia Albury |
| 9443 Springboro Pike | *Original Entered* | *Modified:* |
| Miamisburg, OIH 45342 | *Date:* 12/22/2009 | |

   Amount    claimed: $98534.00

   Unsecured claimed: $98534.00

*History:*

Details 🌐 6-1   11/27/2009 Claim #6 filed by LexisNexis, Amount claimed: $98534.00 (Albury, Amelia )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87605012) | **Claim No: 7** | *Status:* |
| United Health Care | *Original Filed* | *Filed by:* CR |
| Credit & Delinquency Management 6NB-B | *Date:* 12/08/2009 | *Entered by:* Amelia Albury |
| 450 Columbus Blvd. | *Original Entered* | *Modified:* |
| P. O. Box 150450 | *Date:* 12/28/2009 | |
| Hartford, CT 06115-0450 | | |

   Amount    claimed: $4047.48

Unsecured claimed: $4047.48

*History:*

Details 🔵 7-1   12/08/2009 Claim #7 filed by United Health Care, Amount claimed: $4047.48 (Albury, Amelia )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87610203) | **Claim No: 8** | *Status:* |
| Jonathan Birkman | *Original Filed* | *Filed by:* CR |
| 1336 NW 4 St | *Date:* 12/28/2009 | *Entered by:* Amelia Rodriguez |
| Boca Raton FL 33486 | *Original Entered* | *Modified:* |
| | *Date:* 12/29/2009 | |

Amount claimed: $4400.00

Priority  claimed: $4400.00

*History:*

Details 🔵 8-1   12/28/2009 Claim #8 filed by Jonathan Birkman, Amount claimed: $4400.00 (Rodriguez, Amelia )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87610223) | **Claim No: 9** | *Status:* |
| Virginia E Sammaritano | *Original Filed* | *Filed by:* CR |
| 8213 NW 74 Terr | *Date:* 12/28/2009 | *Entered by:* |
| Tamarac, FL 33321 | *Original Entered* | *Modified:* |
| | *Date:* 12/29/2009 | |

Amount claimed: $1301.76

Priority  claimed: $1301.76

*History:*

Details 🔵 9-1   12/28/2009 Claim #9 filed by Virginia E Sammaritano, Amount claimed: $1301.76 (Aarons, Micheline )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87610383) | **Claim No: 10** | *Status:* |
| Kaley Lombardo | *Original Filed* | *Filed by:* CR |
| 1638 SW 33 Ct | *Date:* 12/28/2009 | *Entered by:* |
| Ft Lauderdale, FL 33315 | *Original Entered* | *Modified:* |
| | *Date:* 12/29/2009 | |

Amount    claimed: $2099.18

Unsecured claimed: $2099.18

*History:*

Details 🔵 10-1   12/28/2009 Claim #10 filed by Kaley Lombardo, Amount claimed: $2099.18 (Aarons, Micheline )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87610624) | **Claim No: 11** | *Status:* |

Broward County Records,Taxes &
Treasury Div.
Tax Collector-Gov't Center Annex
Attn: Litigation Section
115 So. Andrews Avenue
Ft. Lauderdale, Fl. 33301

*Original Filed
Date:* 12/29/2009
*Original Entered
Date:* 12/29/2009

*Filed by:* CR
*Entered by:* Hollie N ^Hawn1
*Modified:*

Amount  claimed: $9702.72

Secured claimed: $9702.72

*History:*

Details 🔘 <u>11-1</u>  12/29/2009 Claim #11 filed by Broward County Records,Taxes & Treasury Div., Amount
claimed: $9702.72 (^Hawn1, Hollie )

*Description:* (11-1) 2009 Commercial Personal Property Tax

*Remarks:* (11-1) Plus interest per Fl. Statutes 197

---

*Creditor:*      (87610624)
Broward County Records,Taxes &
Treasury Div.
Tax Collector-Gov't Center Annex
Attn: Litigation Section
115 So. Andrews Avenue
Ft. Lauderdale, Fl. 33301

**Claim No: 12**
*Original Filed
Date:* 12/29/2009
*Original Entered
Date:* 12/29/2009

*Status:*
*Filed by:* CR
*Entered by:* Hollie N ^Hawn1
*Modified:*

Amount    claimed: $6079.91

Unsecured claimed: $6079.91

*History:*

Details 🔘 <u>12-1</u>  12/29/2009 Claim #12 filed by Broward County Records,Taxes & Treasury Div., Amount
claimed: $6079.91 (^Hawn1, Hollie )

*Description:* (12-1) Recording Fees and Non-sufficient Funds Fee

*Remarks:* (12-1) Plus interest per Fl. Statutes 197

---

*Creditor:*      (87610730)
Leslyn McCrae
8011 NW 37 Dr
Coral Springs FL 33065

**Claim No: 13**
*Original Filed
Date:* 12/29/2009
*Original Entered
Date:* 12/29/2009

*Status:*
*Filed by:* CR
*Entered by:* Judy Shafron
*Modified:*

Amount    claimed: $2661.19

Unsecured claimed: $2661.19

*History:*

Details 🔘 <u>13-1</u>  12/29/2009 Claim #13 filed by Leslyn McCrae, Amount claimed: $2661.19 (Shafron, Judy )

*Description:*

*Remarks:*

---

*Creditor:*      (87610869)
Angela Riggs
8181 Madison Lake Circle S
Davie, FL 33328

**Claim No: 14**
*Original Filed
Date:* 12/28/2009
*Original Entered
Date:* 12/29/2009

*Status:*
*Filed by:* CR
*Entered by:* Melva Weldon
*Modified:*

Amount    claimed: $2162.15

Unsecured claimed: $2162.15

*History:*

Details   14-1   12/28/2009 Claim #14 filed by Angela Riggs, Amount claimed: $2162.15 (Weldon, Melva )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (87611612) | **Claim No: 15** | *Status:* |
| Diana Meyer | *Original Filed* | *Filed by:* CR |
| 20291 NW 10 Ave | *Date:* 12/29/2009 | *Entered by:* Bea Banoovong |
| Pembroke Pines FL 33029 | *Original Entered* | *Modified:* |
| | *Date:* 12/29/2009 | |

Amount claimed: $6346.14
Unsecured claimed: $6346.14

*History:*

Details   15-1   12/29/2009 Claim #15 filed by Diana Meyer, Amount claimed: $6346.14 (Banoovong, Bea )

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (87605244) | **Claim No: 16** | *Status:* |
| Internal Revenue Service | *Original Filed* | *Filed by:* CR |
| Centralized Insolvency Operation | *Date:* 12/30/2009 | *Entered by:* IRS (Everett) |
| P.O. Box 21126 | *Original Entered* | *Modified:* |
| Philadelphia, PA 19114 | *Date:* 12/30/2009 | |
| | *Last Amendment* | |
| | *Filed:* 02/17/2010 | |
| | *Last Amendment* | |
| | *Entered:* 02/17/2010 | |

Amount claimed: $1000.00
Secured claimed: $0.00
Priority claimed: $0.00
Unsecured claimed: $1000.00

*History:*

Details   16-1   12/30/2009 Claim #16 filed by Internal Revenue Service, Amount claimed: $300421.00 (IRS (Everett))

Details   16-2   02/17/2010 Amended Claim #16 filed by Internal Revenue Service, Amount claimed: $1000.00 (IRS (Everett))

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (87619147)   History | **Claim No: 17** | *Status:* |
| Susan Papagikos | *Original Filed* | *Filed by:* CR |
| 372 W Riverbend Dr | *Date:* 12/30/2009 | *Entered by:* |
| Sunrise, FL 33326 | *Original Entered* | *Modified:* |
| | *Date:* 12/31/2009 | |

Amount claimed: $2778.25
Priority  claimed: $2778.25

*History:*

Details   17-1   12/30/2009 Claim #17 filed by Susan Papagikos, Amount claimed: $2778.25 (Aarons, Micheline )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (87624546) | **Claim No: 18** | *Status:* |
| Darah I. Rivera | *Original Filed* | *Filed by:* CR |
| 3828 Wilderness Way | *Date:* 12/31/2009 | *Entered by:* Susan Romano |
| Coral Springs FL 33065 | *Original Entered* | *Modified:* |
| | *Date:* 01/04/2010 | |

Amount claimed: $1935.23
Priority  claimed: $1935.23

*History:*

Details 🔹 18-1  12/31/2009 Claim #18 filed by Darah I. Rivera, Amount claimed: $1935.23 (Romano, Susan )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (87629840) | **Claim No: 19** | *Status:* |
| Kari Rosenfeld | *Original Filed* | *Filed by:* CR |
| 1417 NE 5 St | *Date:* 01/04/2010 | *Entered by:* Amelia Rodriguez |
| Ft Lauderdale FL 33301 | *Original Entered* | *Modified:* |
| | *Date:* 01/05/2010 | |

Amount claimed: $8653.85
Priority  claimed: $8653.85

*History:*

Details 🔹 19-1  01/04/2010 Claim #19 filed by Kari Rosenfeld, Amount claimed: $8653.85 (Rodriguez, Amelia )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (87629840) | **Claim No: 20** | *Status:* |
| Kari Rosenfeld | *Original Filed* | *Filed by:* CR |
| 1417 NE 5 St | *Date:* 01/04/2010 | *Entered by:* Amelia Rodriguez |
| Ft Lauderdale FL 33301 | *Original Entered* | *Modified:* |
| | *Date:* 01/05/2010 | |

Amount claimed: $4500.00
Priority  claimed: $4500.00

*History:*

Details 🔹 20-1  01/04/2010 Claim #20 filed by Kari Rosenfeld, Amount claimed: $4500.00 (Rodriguez, Amelia )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (87630399) | **Claim No: 21** | *Status:* |
| Denis Kleinfeld | *Original Filed* | *Filed by:* CR |
| 2061 NE 214 Terr | *Date:* 01/04/2010 | *Entered by:* |
| North Miami Beach, FL 33179 | *Original Entered* | *Modified:* |
| | *Date:* 01/06/2010 | |

Amount claimed: $17307.69
Priority  claimed: $17307.69

*History:*

Details 🔘 21-1  01/04/2010 Claim #21 filed by Denis Kleinfeld, Amount claimed: $17307.69 (Aarons, Micheline )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87631114) | **Claim No: 22** | *Status:* |
| Carl Linder | *Original Filed* | *Filed by:* CR |
| 1900 N Bayshore Dr #4904 | *Date*: 01/04/2010 | *Entered by:* Susan Harper |
| Miami, FL 33132 | *Original Entered* | *Modified:* |
| | *Date*: 01/06/2010 | |

Amount     claimed: $23076.91
Priority    claimed: $10950.00
Unsecured claimed: $12126.91

*History:*

Details 🔘 22-1  01/04/2010 Claim #22 filed by Carl Linder, Amount claimed: $23076.91 (Harper, Susan )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87635483) | **Claim No: 23** | *Status:* |
| Lisa Sorge | *Original Filed* | *Filed by:* CR |
| 2721 NE 11 Terr | *Date*: 01/07/2010 | *Entered by:* Desiree Grooms |
| Pompano Bch FL 33064 | *Original Entered* | *Modified:* |
| | *Date*: 01/08/2010 | |

Amount claimed: $2307.84
Priority  claimed: $2307.84

*History:*

Details 🔘 23-1  01/07/2010 Claim #23 filed by Lisa Sorge, Amount claimed: $2307.84 (Grooms, Desiree )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (87638760) | **Claim No: 24** | *Status:* |
| Steven J. Bitton | *Original Filed* | *Filed by:* CR |
| 440 N Andrews Avenue | *Date*: 01/08/2010 | *Entered by:* Melva Weldon |
| Fort Lauderdale, FL 33391 | *Original Entered* | *Modified:* |
| | *Date*: 01/11/2010 | |

Amount     claimed: $629608.00
Unsecured claimed: $629608.00

*History:*

Details 🔘 24-1  01/08/2010 Claim #24 filed by Steven J. Bitton, Amount claimed: $629608.00 (Weldon, Melva )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*      (87641065) | **Claim No: 25** | *Status:* |
| American Express Travel Related Services Co Inc | *Original Filed Date*: 01/12/2010 | *Filed by:* CR |
| c/o Becket and Lee LLP | *Original Entered Date*: 01/12/2010 | *Entered by:* Becket and Lee LLP, Esq |
| POB 3001 | *Last Amendment Filed*: 03/22/2010 | *Modified:* |
| Malvern PA 19355-0701 | *Last Amendment Entered*: 03/22/2010 | |

Amount    claimed: $395953.60
Unsecured claimed: $395953.60

*History:*

Details ⬛ 25-1  01/12/2010 Claim #25 filed by American Express Travel Related Services Co Inc, Amount claimed: $157136.80 (Becket and Lee LLP)

Details ⬛ 25-2  03/03/2010 Amended Claim #25 filed by American Express Travel Related Services Co Inc, Amount claimed: $335953.60 (Becket and Lee LLP)

Details ⬛ 25-3  03/22/2010 Amended Claim #25 filed by American Express Travel Related Services Co Inc, Amount claimed: $395953.60 (Becket and Lee LLP)

*Description:*
*Remarks:* (25-2) UPDATE BALANCE & ADD DOCUMENTATION
(25-3) UPDATE BALANCE & ADD DOCUMENTATION

| | | |
|---|---|---|
| *Creditor:*      (87641202) | **Claim No: 26** | *Status:* |
| BSFS Equipment Leasing | *Original Filed Date*: 01/11/2010 | *Filed by:* CR |
| 1010 Thomas Edison Blvd SW | *Original Entered Date*: 01/12/2010 | *Entered by:* Desiree Grooms |
| Cedar Rapids IA 52404 | | *Modified:* |

Amount    claimed: $1559.59
Unsecured claimed: $1559.59

*History:*

Details ⬛ 26-1  01/11/2010 Claim #26 filed by BSFS Equipment Leasing, Amount claimed: $1559.59 (Grooms, Desiree )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*      (87641203) | **Claim No: 27** | *Status:* |
| General Electric Capital Corp | *Original Filed Date*: 01/11/2010 | *Filed by:* CR |
| 1010 Thomas Edison Blvd SW | *Original Entered Date*: 01/12/2010 | *Entered by:* Desiree Grooms |
| Cedar Rapids IA 52404 | | *Modified:* |

Amount    claimed: $16258.00
Unsecured claimed: $16258.00

*History:*

Details ⬛ 27-1  01/11/2010 Claim #27 filed by General Electric Capital Corp, Amount claimed: $16258.00 (Grooms, Desiree )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*      (87647399) | **Claim No: 28** | *Status:* |

Linda Holt
48 Union St
Camden ME 04843

*Original Filed
Date:* 01/13/2010
*Original Entered
Date:* 01/14/2010

*Filed by:* CR
*Entered by:* Desiree Grooms
*Modified:*

Amount    claimed: $5000.00
Unsecured claimed: $5000.00

*History:*

Details   28-1   01/13/2010 Claim #28 filed by Linda Holt, Amount claimed: $5000.00 (Grooms, Desiree )

*Description:*
*Remarks:*

---

*Creditor:*    (87672057)
Caarolina Casualty Insurance Company
c/o Bradley S. Shraiberg, Esq.
2385 NW Executive Drive, Suite 300
Boca Raton, FL 33431

**Claim No: 29**
*Original Filed
Date:* 01/22/2010
*Original Entered
Date:* 01/22/2010

*Status:*
*Filed by:* CR
*Entered by:* Bradley S Shraiberg
*Modified:*

Amount    claimed: $78113.19
Unsecured claimed: $78113.19

*History:*

Details   29-1   01/22/2010 Claim #29 filed by Caarolina Casualty Insurance Company, Amount claimed:
$78113.19 (Shraiberg, Bradley )

*Description:* (29-1) Rescission of Policies
*Remarks:*

---

*Creditor:*    (87680499)
Crime Stoppers
Ivan J. Reich, Esq.
GrayRobinson, P.A.
401 E. Las Olas Blvd., Ste. 1850
Fort Lauderdale, FL 33301

**Claim No: 30**
*Original Filed
Date:* 01/27/2010
*Original Entered
Date:* 01/27/2010

*Status:*
*Filed by:* CR
*Entered by:* Ivan J Reich, Esq
*Modified:*

Amount    claimed: $251000.00
Unsecured claimed: $251000.00

*History:*

Details   30-1   01/27/2010 Claim #30 filed by Crime Stoppers, Amount claimed: $251000.00 (Reich, Ivan )

*Description:* (30-1) Indemnity Agreement
*Remarks:*

---

*Creditor:*    (87687741)
Todd Syder
c/o Bast Amron LLP
SunTrust International Center
One Southeast Third Avenue, Suite 1440
Miami, FL 33131

**Claim No: 31**
*Original Filed
Date:* 01/28/2010
*Original Entered
Date:* 01/28/2010

*Status:*
*Filed by:* CR
*Entered by:* Brett M Amron, Esq.
*Modified:*

Amount   claimed: $2160000.00
Secured claimed: $2160000.00

*History:*

Details   31-1   01/28/2010 Claim #31 filed by Todd Syder, Amount claimed: $2160000.00 (Amron, Brett )

*Description:*
*Remarks:*

*Creditor:*  (87718274)  |  **Claim No: 32**  |  *Status:*
Pitney Bowes Inc  |  *Original Filed*  |  *Filed by:* CR
27 Waterview Drive  |  *Date:* 02/09/2010  |  *Entered by:* Pitney Bowes Inc
Shelton, CT 06484  |  *Original Entered*  |  *Modified:*
 |  *Date:* 02/09/2010  |

Amount    claimed: $38761.42

Unsecured claimed: $38761.42

*History:*

Details  ⬤  32-1  02/09/2010 Claim #32 filed by Pitney Bowes Inc, Amount claimed: $38761.42 (Pitney Bowes
                              Inc)

*Description:*
*Remarks:*

*Creditor:*  (87724359)  |  **Claim No: 33**  |  *Status:*
Miami-Dade County Tax Collector  |  *Original Filed*  |  *Filed by:* CR
Paralegal Unit  |  *Date:* 02/10/2010  |  *Entered by:* Miami-Dade County Tax
140 W Flagler St. #1403  |  *Original Entered*  |  Collector
Miami, FL 33131-1569  |  *Date:* 02/10/2010  |  *Modified:*
 |  *Last Amendment*  |
 |  *Filed*: 05/20/2010  |
 |  *Last Amendment*  |
 |  *Entered*: 05/20/2010  |

Amount  claimed: $307471.72

Secured claimed: $307315.47

Priority   claimed:     $156.25

*History:*

Details  ⬤  33-1  02/10/2010 Claim #33 filed by Miami-Dade County Tax Collector, Amount claimed: $1011.54
                              (Miami-Dade County Tax Collector)

Details  ⬤  33-2  05/17/2010 Amended Claim #33 filed by Miami-Dade County Tax Collector, Amount claimed:
                              $307471.72 (Miami-Dade County Tax Collector)

Details  ⬤  33-3  05/20/2010 Amended Claim #33 filed by Miami-Dade County Tax Collector, Amount claimed:
                              $307471.72 (Miami-Dade County Tax Collector)

*Description:* (33-1) Ad Valorem Personal Property Taxes and Local Business Tax
(33-2) Ad Valorem Taxes, and Priority Local Business Tax
(33-3) Ad Valorem Real Estate, Personal Property taxes and Local Business Taxes
*Remarks:*

*Creditor:*  (87762717)  |  **Claim No: 34**  |  *Status:*
Gulfstream Development Group, LLC  |  *Original Filed*  |  *Filed by:* CR
c/o Darol H. M. Carr, Esquire  |  *Date:* 02/23/2010  |  *Entered by:* Darol H M Carr
Farr, Farr, Emerich, Hackett and Carr, P  |  *Original Entered*  |  *Modified:*
99 Nesbit Street  |  *Date:* 02/23/2010  |
Punta Gorda, FL 33950  |

Amount    claimed: $95500.00

Unsecured claimed: $95500.00

*History:*

Details  ⬤  34-1  02/23/2010 Claim #34 filed by Gulfstream Development Group, LLC, Amount claimed:

$95500.00 (Carr, Darol )

*Description:* (34-1) Retainer for Legal Services
*Remarks:*

---

*Creditor:*     (87762765)      **Claim No: 35**      *Status:*
Blue Oak Construction, LLC      *Original Filed*      *Filed by:* CR
     *Date:* 02/23/2010      *Entered by:* Darol H M Carr
     *Original Entered*      *Modified:*
     *Date:* 02/23/2010

Amount     claimed: $22000.00
Unsecured claimed: $22000.00

*History:*

[Details]   [35-1] 02/23/2010 Claim #35 filed by Blue Oak Construction, LLC, Amount claimed: $22000.00
(Carr, Darol )

*Description:* (35-1) Retainer for legal services
*Remarks:*

---

*Creditor:*     (87787294)      **Claim No: 36**      *Status:*
Rubin and Sharon Vine      *Original Filed*      *Filed by:* AT
2200 S. Ocean Lane Apt 2610      *Date:* 03/01/2010      *Entered by:* Thomas L Abrams, Esq
Ft. Lauderdale, FL 33316      *Original Entered*      *Modified:*
     *Date:* 03/01/2010

Amount   claimed: $1080000.00
Secured claimed: $1080000.00

*History:*

[Details]   [36-1] 03/01/2010 Claim #36 filed by Rubin and Sharon Vine, Amount claimed: $1080000.00
(Abrams, Thomas )

*Description:* (36-1) Wire to IOTA
*Remarks:*

---

*Creditor:*     (87801385)      **Claim No: 37**      *Status:*
Gary M. Farmer, Jr.      *Original Filed*      *Filed by:* CR
Farmer, Jaffe, Weissing, et al.      *Date:* 03/05/2010      *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2      *Original Entered*      *Modified:*
Ft. Lauderdale, FL 33301      *Date:* 03/05/2010

Amount     claimed: $42307.67
Priority     claimed: $10950.00
Unsecured claimed: $31357.67

*History:*

[Details]   [37-1] 03/05/2010 Claim #37 filed by Gary M. Farmer, Jr., Amount claimed: $42307.67 (Lehrman,
Seth )

*Description:* (37-1) Wages / salary
*Remarks:*

---

*Creditor:*     (87801387)      **Claim No: 38**      *Status:*
Steven R. Jaffe      *Original Filed*      *Filed by:* CR
Farmer, Jaffe, Weissing, et al.      *Date:* 03/05/2010      *Entered by:* Seth Lehrman, Esq.

425 N. Andrews Ave., Suite 2          *Original Entered*          *Modified:*
Ft. Lauderdale, FL 33301              *Date*: 03/05/2010

Amount    claimed: $12692.30
Priority   claimed: $10950.00
Unsecured claimed:  $1742.30

*History:*

Details 🔍 38-1  03/05/2010 Claim #38 filed by Steven R. Jaffe, Amount claimed: $12692.30 (Lehrman, Seth )

*Description:* (38-1) Wages / salary
*Remarks:*

*Creditor:*      (87801388)          **Claim No: 39**          *Status:*
Matthew D. Weissing                  *Original Filed*          *Filed by:* CR
Farmer, Jaffe, Weissing, et al.      *Date*: 03/05/2010       *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2         *Original Entered*          *Modified:*
Ft. Lauderdale, FL 33301             *Date*: 03/05/2010

Amount    claimed: $18461.53
Priority   claimed: $10950.00
Unsecured claimed:  $7511.53

*History:*

Details 🔍 39-1  03/05/2010 Claim #39 filed by Matthew D. Weissing, Amount claimed: $18461.53 (Lehrman,
Seth )

*Description:* (39-1) Wages / salary
*Remarks:*

*Creditor:*      (87801389)          **Claim No: 40**          *Status:*
Bradley J. Edwards                   *Original Filed*          *Filed by:* CR
Farmer, Jaffe, Weissing, et al.      *Date*: 03/05/2010       *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2         *Original Entered*          *Modified:*
Ft. Lauderdale, FL 33301             *Date*: 03/05/2010

Amount claimed: $6923.08
Priority  claimed: $6923.08

*History:*

Details 🔍 40-1  03/05/2010 Claim #40 filed by Bradley J. Edwards, Amount claimed: $6923.08 (Lehrman,
Seth )

*Description:* (40-1) Wages / salary
*Remarks:*

*Creditor:*      (87801391)          **Claim No: 41**          *Status:*
Seth Lehrman                         *Original Filed*          *Filed by:* CR
Farmer, Jaffe, Weissing, et al.      *Date*: 03/05/2010       *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2         *Original Entered*          *Modified:*
Ft. Lauderdale, FL 33301             *Date*: 03/05/2010
                                     *Last Amendment*
                                     *Filed*: 03/05/2010
                                     *Last Amendment*
                                     *Entered*: 03/05/2010

Amount claimed: $10384.61

Priority claimed: $10384.61

*History:*

Details ⚫ 41-1   03/05/2010 Claim #41 filed by Seth Lehrman, Amount claimed: $11846.14 (Lehrman, Seth )

Details ⚫ 41-2   03/05/2010 Amended Claim #41 filed by Seth Lehrman, Amount claimed: $10384.61 (Lehrman, Seth )

*Description:* (41-2) Wages / salary
*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:* (87801390) | **Claim No: 42** | *Status:* |
| Mark S. Fistos | *Original Filed* | *Filed by:* CR |
| 3213 Pablo Creek Way | *Date:* 03/05/2010 | *Entered by:* Seth Lehrman, Esq. |
| Tallahassee, FL 32312 | *Original Entered* | *Modified:* |
| | *Date:* 03/05/2010 | |

Amount claimed: $11846.14
Priority claimed: $10950.00
Unsecured claimed: $896.14

*History:*

Details ⚫ 42-1   03/05/2010 Claim #42 filed by Mark S. Fistos, Amount claimed: $11846.14 (Lehrman, Seth )

*Description:* (42-1) Wages / salary
*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:* (87801392) | **Claim No: 43** | *Status:* |
| Maria W. Kelljchian | *Original Filed* | *Filed by:* CR |
| Farmer, Jaffe, Weissing, et al. | *Date:* 03/05/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 03/05/2010 | |

Amount claimed: $3121.15
Priority claimed: $3121.15

*History:*

Details ⚫ 43-1   03/05/2010 Claim #43 filed by Maria W. Kelljchian, Amount claimed: $3121.15 (Lehrman, Seth )

*Description:* (43-1) Wages / salary
*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:* (87801393) | **Claim No: 44** | *Status:* |
| Norka A. Silverio | *Original Filed* | *Filed by:* CR |
| 2601 SW 26th Ln | *Date:* 03/05/2010 | *Entered by:* Seth Lehrman, Esq. |
| Miami, FL 33133 | *Original Entered* | *Modified:* |
| | *Date:* 03/05/2010 | |

Amount claimed: $2057.56
Priority claimed: $2057.56

*History:*

Details ⚫ 44-1   03/05/2010 Claim #44 filed by Norka A. Silverio, Amount claimed: $2057.56 (Lehrman, Seth )

*Description:* (44-1) Wages / salary
*Remarks:*

*Creditor:*     (87801394)        **Claim No: 45**          *Status:*
Beth Williamson                   *Original Filed*          *Filed by:* CR
Farmer, Jaffe, Weissing, et al.   *Date:* 03/05/2010        *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2      *Original Entered*        *Modified:*
Ft. Lauderdale, FL 33301          *Date:* 03/05/2010

  Amount claimed: $4218.75
  Priority  claimed: $4218.75

*History:*

Details 🔘   45-1   03/05/2010 Claim #45 filed by Beth Williamson, Amount claimed: $4218.75 (Lehrman, Seth )

*Description:* (45-1) Wages / salary
*Remarks:*


*Creditor:*     (87801395)        **Claim No: 46**          *Status:*
Michael Fisten                    *Original Filed*          *Filed by:* CR
Farmer, Jaffe, Weissing, et al.   *Date:* 03/05/2010        *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2      *Original Entered*        *Modified:*
Ft. Lauderdale, FL 33301          *Date:* 03/05/2010

  Amount claimed: $6536.99
  Priority  claimed: $6536.99

*History:*

Details 🔘   46-1   03/05/2010 Claim #46 filed by Michael Fisten, Amount claimed: $6536.99 (Lehrman, Seth )

*Description:* (46-1) Wages / salary
*Remarks:*


*Creditor:*     (87801396)        **Claim No: 47**          *Status:*
Cheryl Seinfeld                   *Original Filed*          *Filed by:* CR
115 NE 3rd Ave., #307             *Date:* 03/05/2010        *Entered by:* Seth Lehrman, Esq.
Ft. Lauderdale, FL 33301          *Original Entered*        *Modified:*
                                  *Date:* 03/05/2010

  Amount claimed: $5210.38
  Priority  claimed: $5210.38

*History:*

Details 🔘   47-1   03/05/2010 Claim #47 filed by Cheryl Seinfeld, Amount claimed: $5210.38 (Lehrman, Seth )

*Description:* (47-1) Wages / salary
*Remarks:*


*Creditor:*     (87925891)        **Claim No: 48**          *Status:*
Marlin Business Bank              *Original Filed*          *Filed by:* CR
300 Fellowship Road               *Date:* 04/14/2010        *Entered by:* Marlin Leasing Corporation
Mount Laurel, NJ 08054            *Original Entered*        *Modified:*
                                  *Date:* 04/14/2010

  Amount     claimed: $18369.60
  Unsecured claimed: $18369.60

*History:*

Details 🔘   48-1   04/14/2010 Claim #48 filed by Marlin Business Bank, Amount claimed: $18369.60 (Marlin
                                Leasing Corporation)

*Description:* (48-1) Leased Equipment
*Remarks:* (48-1) 401-0312081-1

| | | |
|---|---|---|
| *Creditor:* (87990213) | **Claim No: 49** | *Status:* |
| Karin & Slawomir Romanowski | *Original Filed* | *Filed by:* CR |
| 4 Romar Drive | *Date:* 04/30/2010 | *Entered by:* Todd S Frankenthal, Esq |
| Dundas, Ontario | *Original Entered* | *Modified:* |
| Canada L9H 5E2 | *Date:* 04/30/2010 | |

Amount  claimed: $144802.17
Secured claimed: $144802.17

*History:*

Details 🔘 49-1  04/30/2010 Claim #49 filed by Karin & Slawomir Romanowski, Amount claimed: $144802.17
(Frankenthal, Todd )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (87801390) | **Claim No: 50** | *Status:* |
| Mark S. Fistos | *Original Filed* | *Filed by:* CR |
| 3213 Pablo Creek Way | *Date:* 05/05/2010 | *Entered by:* Seth Lehrman, Esq. |
| Tallahassee, FL 32312 | *Original Entered* | *Modified:* |
| | *Date:* 05/05/2010 | |

Amount claimed: $6000.00
Priority  claimed: $6000.00

*History:*

Details 🔘 50-1  05/05/2010 Claim #50 filed by Mark S. Fistos, Amount claimed: $6000.00 (Lehrman, Seth )

*Description:* (50-1) 401K Contribution
*Remarks:* (50-1) Contribution to employee benefit plan 11 U.S.C. Sec. 507(a)(4)

| | | |
|---|---|---|
| *Creditor:* (88008542) History | **Claim No: 51** | *Status:* Disallow 1877 |
| LMB Funding Group | *Original Filed* | *Filed by:* AT |
| Attn: Larry King | *Date:* 05/06/2010 | *Entered by:* Robert C Furr, Esq |
| 160 Summit Ave, 2nd FL | *Original Entered* | *Modified:* |
| Montvale NJ 07645 | *Date:* 05/06/2010 | |

Amount    claimed: $21428.56
Unsecured claimed: $21428.56

*History:*

Details 🔘 51-1  05/06/2010 Claim #51 filed by LMB Funding Group, Amount claimed: $21428.56 (Furr,
Robert )

1877  07/12/2011 Updated Claims Register (Manboard, Sandra) Status: Disallow

*Description:* (51-1) purchase of settlement RRA 441
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (88008542) History | **Claim No: 52** | *Status:* Disallow 1877 |
| LMB Funding Group | *Original Filed* | *Filed by:* CR |
| Attn: Larry King | *Date:* 05/06/2010 | *Entered by:* Robert C Furr, Esq |
| 160 Summit Ave, 2nd FL | *Original Entered* | *Modified:* |
| Montvale NJ 07645 | *Date:* 05/06/2010 | |

Amount    claimed: $388000.00
Unsecured claimed: $388000.00

*History:*

Details ◉ 52-1 05/06/2010 Claim #52 filed by LMB Funding Group, Amount claimed: $388000.00 (Furr, Robert )

1877 07/12/2011 Updated Claims Register (Manboard, Sandra) Status: Disallow

*Description:* (52-1) purchase of settlement RRA 418
*Remarks:*

| | | | |
|---|---|---|---|
| *Creditor:*  (88008542)    History | | **Claim No: 53** | *Status:* Disallow 1877 |
| LMB Funding Group | | *Original Filed* | *Filed by:* AT |
| Attn: Larry King | | *Date:* 05/06/2010 | *Entered by:* Robert C Furr, Esq |
| 160 Summit Ave, 2nd FL | | *Original Entered* | *Modified:* |
| Montvale NJ 07645 | | *Date:* 05/06/2010 | |

Amount    claimed: $100000.00
Unsecured claimed: $100000.00

*History:*

Details ◉ 53-1 05/06/2010 Claim #53 filed by LMB Funding Group, Amount claimed: $100000.00 (Furr, Robert )

1877 07/12/2011 Updated Claims Register (Manboard, Sandra) Status: Disallow

*Description:* (53-1) purchase of settlement RRA 419
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*  (88008623) | **Claim No: 54** | *Status:* |
| Greenwood Capital Partners, LLC | *Original Filed* | *Filed by:* AT |
| c/o Robert C. Furr, Esq | *Date:* 05/06/2010 | *Entered by:* Robert C Furr, Esq |
| Furr and Cohen PA | *Original Entered* | *Modified:* |
| 2255 Glades Rd #337W | *Date:* 05/06/2010 | |
| Boca Raton, FL 33431 | | |

Amount    claimed: $800000.00
Unsecured claimed: $800000.00

*History:*

Details ◉ 54-1 05/06/2010 Claim #54 filed by Greenwood Capital Partners, LLC, Amount claimed: $800000.00 (Furr, Robert )

*Description:* (54-1) purchase of settlement
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*  (88008623) | **Claim No: 55** | *Status:* |
| Greenwood Capital Partners, LLC | *Original Filed* | *Filed by:* AT |
| c/o Robert C. Furr, Esq | *Date:* 05/06/2010 | *Entered by:* Robert C Furr, Esq |
| Furr and Cohen PA | *Original Entered* | *Modified:* |
| 2255 Glades Rd #337W | *Date*: 05/06/2010 | |
| Boca Raton, FL 33431 | | |

Amount    claimed: $600000.00
Unsecured claimed: $600000.00

*History:*

Details ◉ 55-1 05/06/2010 Claim #55 filed by Greenwood Capital Partners, LLC, Amount claimed:

$600000.00 (Furr, Robert )

*Description:* (55-1) purchase of settlement RRA 424
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (88010696)<br>Robert A. Kimmel Grantor Retained<br>Annuity Trust<br>c/o Francis L. Carter, Esq.<br>Katz Barron Squitero Faust<br>2699 S. Bayshore Dr., 7th Floor<br>Miami, FL 33133 | **Claim No: 56**<br>*Original Filed*<br>*Date:* 05/06/2010<br>*Original Entered*<br>*Date:* 05/06/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Francis L. Carter, Esq.<br>*Modified:* |

Amount    claimed: $227424.66
Unsecured claimed: $227424.66

*History:*

Details 🔍 56-1  05/06/2010 Claim #56 filed by Robert A. Kimmel Grantor Retained Annuity Trust, Amount
claimed: $227424.66 (Carter, Francis )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (88010695)<br>Circle K Family, LLC<br>c/o Francis L. Carter, Esq.<br>Katz Barron Squitero Faust<br>2699 S. Bayshore Dr., 7th Floor<br>Miami, FL 33133 | **Claim No: 57**<br>*Original Filed*<br>*Date:* 05/06/2010<br>*Original Entered*<br>*Date:* 05/06/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Francis L. Carter, Esq.<br>*Modified:* |

Amount    claimed: $3371322.41
Unsecured claimed: $3371322.41

*History:*

Details 🔍 57-1  05/06/2010 Claim #57 filed by Circle K Family, LLC, Amount claimed: $3371322.41 (Carter,
Francis )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (88010691)<br>Marvin P. Kimmel FBO IRRL<br>c/o Francis L. Carter, Esq.<br>Katz Barron Squitero Faust<br>2699 S. Bayshore Dr., 7th Floor<br>Miami, FL 33133 | **Claim No: 58**<br>*Original Filed*<br>*Date:* 05/06/2010<br>*Original Entered*<br>*Date:* 05/06/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Francis L. Carter, Esq.<br>*Modified:* |

Amount    claimed: $227424.66
Unsecured claimed: $227424.66

*History:*

Details 🔍 58-1  05/06/2010 Claim #58 filed by Marvin P. Kimmel FBO IRRL, Amount claimed: $227424.66
(Carter, Francis )

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:*    (88010694)<br>Kenneth Marlin<br>c/o Francis L. Carter, Esq. | **Claim No: 59**<br>*Original Filed*<br>*Date:* 05/06/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Francis L. Carter, Esq. |

Katz Barron Squitero Faust
2699 S. Bayshore Dr., 7th Floor
Miami, FL 33133

   *Original Entered*      *Modified:*
   *Date:* 05/06/2010

Amount    claimed: $117604.39
Unsecured claimed: $117604.39

*History:*

Details ⚫ 59-1   05/06/2010 Claim #59 filed by Kenneth Marlin, Amount claimed: $117604.39 (Carter, Francis )

*Description:*
*Remarks:*

---

*Creditor:*     (88010693)     **Claim No: 60**     *Status:*
Deborah Marlin Revocable Trust U/A    *Original Filed*      *Filed by:* CR
06/01/98              *Date:* 05/06/2010     *Entered by:* Francis L. Carter, Esq.
c/o Francis L. Carter, Esq.      *Original Entered*      *Modified:*
Katz Barron Squitero Faust      *Date:* 05/06/2010
2699 S. Bayshore Dr., 7th Floor
Miami, FL 33133

Amount    claimed: $77024.12
Unsecured claimed: $77024.12

*History:*

Details ⚫ 60-1   05/06/2010 Claim #60 filed by Deborah Marlin Revocable Trust U/A 06/01/98, Amount claimed: $77024.12 (Carter, Francis )

*Description:*
*Remarks:*

---

*Creditor:*     (88010692)     **Claim No: 61**     *Status:*
Edward & Mary Lorie Saltzman    *Original Filed*      *Filed by:* CR
c/o Francis L. Carter, Esq.      *Date:* 05/06/2010     *Entered by:* Francis L. Carter, Esq.
Katz Barron Squitero Faust      *Original Entered*      *Modified:*
2699 S. Bayshore Dr., 7th Floor   *Date:* 05/06/2010
Miami, FL 33133

Amount    claimed: $186673.98
Unsecured claimed: $186673.98

*History:*

Details ⚫ 61-1   05/06/2010 Claim #61 filed by Edward & Mary Lorie Saltzman, Amount claimed: $186673.98 (Carter, Francis )

*Description:*
*Remarks:*

---

*Creditor:*     (88015324)     **Claim No: 62**     *Status:*
Molly O'Brien and Kenneth O'Brien    *Original Filed*      *Filed by:* CR
c/o Farmer Jaffe Weissing, et al.     *Date:* 05/09/2010     *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2      *Original Entered*      *Modified:*
Ft. Lauderdale, FL 33301      *Date:* 05/09/2010

Amount  claimed: $31086.22
Secured claimed: $31086.22

*History:*

Details ⚫ 62-1   05/09/2010 Claim #62 filed by Molly O'Brien and Kenneth O'Brien, Amount claimed:

$31086.22 (Lehrman, Seth )

*Description:* (62-1) Monies Held in Trust

*Remarks:* (62-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015325) | **Claim No: 63** | *Status:* |
| Brian A. Baudrit | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount  claimed: $6228.30

Secured claimed: $6228.30

*History:*

Details   63-1  05/09/2010 Claim #63 filed by Brian A. Baudrit, Amount claimed: $6228.30 (Lehrman, Seth )

*Description:* (63-1) Monies held in trust

*Remarks:* (63-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015326) | **Claim No: 64** | *Status:* |
| John Figueroa | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount  claimed: $90000.00

Secured claimed: $90000.00

*History:*

Details   64-1  05/09/2010 Claim #64 filed by John Figueroa, Amount claimed: $90000.00 (Lehrman, Seth )

*Description:* (64-1) Monies held in trust

*Remarks:* (64-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015327) | **Claim No: 65** | *Status:* |
| Dolores Schneider | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount  claimed: $3000.00

Secured claimed: $3000.00

*History:*

Details   65-1  05/09/2010 Claim #65 filed by Dolores Schneider, Amount claimed: $3000.00 (Lehrman, Seth )

*Description:* (65-1) Monies held in trust

*Remarks:* (65-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015328) | **Claim No: 66** | *Status:* |
| Mercedes Zota | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount  claimed: $84204.41

Secured claimed: $84204.41

*History:*

Details ⚬ 66-1  05/09/2010 Claim #66 filed by Mercedes Zota, Amount claimed: $84204.41 (Lehrman, Seth )

*Description:* (66-1) Monies held in trust

*Remarks:* (66-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:*      (88015329) | **Claim No: 67** | *Status:* |
| Doris Inverso | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount  claimed: $17331.59

Secured claimed: $17331.59

*History:*

Details ⚬ 67-1  05/09/2010 Claim #67 filed by Doris Inverso, Amount claimed: $17331.59 (Lehrman, Seth )

*Description:* (67-1) Monies held in trust

*Remarks:* (67-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:*      (88015330) | **Claim No: 68** | *Status:* |
| William Rundell | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount  claimed: $50000.00

Secured claimed: $50000.00

*History:*

Details ⚬ 68-1  05/09/2010 Claim #68 filed by William Rundell, Amount claimed: $50000.00 (Lehrman, Seth )

*Description:* (68-1) Monies held in trust

*Remarks:* (68-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:*      (88015331) | **Claim No: 69** | *Status:* |
| Myranda Keough | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount  claimed: $22500.00

Secured claimed: $22500.00

*History:*

Details ⚬ 69-1  05/09/2010 Claim #69 filed by Myranda Keough, Amount claimed: $22500.00 (Lehrman,
                    Seth )

*Description:* (69-1) Monies held in trust

*Remarks:* (69-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:*      (88015332) | **Claim No: 70** | *Status:* |
| Judith Hy | *Original Filed* | *Filed by:* CR |

c/o Farmer Jaffe Weissing, et al.          *Date*: 05/09/2010          *Entered by*: Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2               *Original Entered*            *Modified*:
Ft. Lauderdale, FL 33301                   *Date*: 05/09/2010

  Amount  claimed: $2099.67
  Secured claimed: $2099.67

*History:*

Details 🌐 70-1  05/09/2010 Claim #70 filed by Judith Hy, Amount claimed: $2099.67 (Lehrman, Seth )

*Description:* (70-1) Monies held in trust

*Remarks:* (70-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

*Creditor:*     (88015333)          **Claim No: 71**          *Status:*
Mamita Morrison                     *Original Filed*           *Filed by:* CR
c/o Farmer Jaffe Weissing, et al.   *Date*: 05/09/2010        *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2        *Original Entered*          *Modified:*
Ft. Lauderdale, FL 33301            *Date*: 05/09/2010

  Amount  claimed: $25000.00
  Secured claimed: $25000.00

*History:*

Details 🌐 71-1  05/09/2010 Claim #71 filed by Mamita Morrison, Amount claimed: $25000.00 (Lehrman,
            Seth )

*Description:* (71-1) Monies held in trust

*Remarks:* (71-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

*Creditor:*     (88015334)          **Claim No: 72**          *Status:*
Shebella Edwards Oliver             *Original Filed*           *Filed by:* CR
c/o Farmer Jaffe Weissing, et al.   *Date*: 05/09/2010        *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2        *Original Entered*          *Modified:*
Ft. Lauderdale, FL 33301            *Date*: 05/09/2010

  Amount  claimed: $3000.00
  Secured claimed: $3000.00

*History:*

Details 🌐 72-1  05/09/2010 Claim #72 filed by Shebella Edwards Oliver, Amount claimed: $3000.00
            (Lehrman, Seth )

*Description:* (72-1) Monies held in trust

*Remarks:* (72-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

*Creditor:*     (88015335)          **Claim No: 73**          *Status:*
Christina Harrell                   *Original Filed*           *Filed by:* CR
c/o Farmer Jaffe Weissing, et al.   *Date*: 05/09/2010        *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2        *Original Entered*          *Modified:*
Ft. Lauderdale, FL 33301            *Date*: 05/09/2010

  Amount  claimed: $50000.00
  Secured claimed: $50000.00

*History:*

Details 🌐 73-1  05/09/2010 Claim #73 filed by Christina Harrell, Amount claimed: $50000.00 (Lehrman,
            Seth )

*Description:* (73-1) Monies held in trust

*Remarks:* (73-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

| | | |
|---|---|---|
| *Creditor:* (88015336)<br>Warren Sapp<br>c/o Farmer Jaffe Weissing, et al.<br>425 N. Andrews Ave., Suite 2<br>Ft. Lauderdale, FL 33301 | **Claim No: 74**<br>*Original Filed*<br>*Date:* 05/09/2010<br>*Original Entered*<br>*Date:* 05/09/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Seth Lehrman, Esq.<br>*Modified:* |

Amount  claimed: $102789.00

Secured claimed: $102789.00

*History:*

Details 🌐 74-1  05/09/2010 Claim #74 filed by Warren Sapp, Amount claimed: $102789.00 (Lehrman, Seth )

*Description:* (74-1) Monies held in trust

*Remarks:* (74-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

| | | |
|---|---|---|
| *Creditor:* (88015337)<br>Alissa Mauro<br>c/o Farmer Jaffe Weissing, et al.<br>425 N. Andrews Ave., Suite 2<br>Ft. Lauderdale, FL 33301 | **Claim No: 75**<br>*Original Filed*<br>*Date:* 05/09/2010<br>*Original Entered*<br>*Date:* 05/09/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Seth Lehrman, Esq.<br>*Modified:* |

Amount  claimed: $7500.00

Secured claimed: $7500.00

*History:*

Details 🌐 75-1  05/09/2010 Claim #75 filed by Alissa Mauro, Amount claimed: $7500.00 (Lehrman, Seth )

*Description:* (75-1) Monies held in trust

*Remarks:* (75-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

| | | |
|---|---|---|
| *Creditor:* (88015338)<br>Lorenzo Fagan<br>c/o Farmer Jaffe Weissing, et al.<br>425 N. Andrews Ave., Suite 2<br>Ft. Lauderdale, FL 33301 | **Claim No: 76**<br>*Original Filed*<br>*Date:* 05/09/2010<br>*Original Entered*<br>*Date:* 05/09/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Seth Lehrman, Esq.<br>*Modified:* |

Amount  claimed: $5000.00

Secured claimed: $5000.00

*History:*

Details 🌐 76-1  05/09/2010 Claim #76 filed by Lorenzo Fagan, Amount claimed: $5000.00 (Lehrman, Seth )

*Description:* (76-1) Monies held in trust

*Remarks:* (76-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

| | | |
|---|---|---|
| *Creditor:* (88015339)<br>Angel Cruz<br>c/o Farmer Jaffe Weissing, et al.<br>425 N. Andrews Ave., Suite 2<br>Ft. Lauderdale, FL 33301 | **Claim No: 77**<br>*Original Filed*<br>*Date:* 05/09/2010<br>*Original Entered*<br>*Date:* 05/09/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Seth Lehrman, Esq.<br>*Modified:* |

Amount  claimed: $2500.00

Secured claimed: $2500.00

*History:*

Details ● 77-1  05/09/2010 Claim #77 filed by Angel Cruz, Amount claimed: $2500.00 (Lehrman, Seth )

*Description:* (77-1) Monies held in trust

*Remarks:* (77-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015340) | **Claim No: 78** | *Status:* |
| Iris Altman | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount claimed: $2500.00

Secured claimed: $2500.00

*History:*

Details ● 78-1  05/09/2010 Claim #78 filed by Iris Altman, Amount claimed: $2500.00 (Lehrman, Seth )

*Description:* (78-1) Monies held in trust

*Remarks:* (78-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015341) | **Claim No: 79** | *Status:* |
| Richard Litsky | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount claimed: $2500.00

Secured claimed: $2500.00

*History:*

Details ● 79-1  05/09/2010 Claim #79 filed by Richard Litsky, Amount claimed: $2500.00 (Lehrman, Seth )

*Description:* (79-1) Monies held in trust

*Remarks:* (79-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015342) | **Claim No: 80** | *Status:* |
| Joan Weissberg | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount claimed: $25000.00

Secured claimed: $25000.00

*History:*

Details ● 80-1  05/09/2010 Claim #80 filed by Joan Weissberg, Amount claimed: $25000.00 (Lehrman, Seth )

*Description:* (80-1) Monies held in trust

*Remarks:* (80-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015343) | **Claim No: 81** | *Status:* |
| Jaime Alvarez | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |

Ft. Lauderdale, FL 33301                *Date*: 05/09/2010

Amount  claimed: $100000.00
Secured claimed: $100000.00

*History:*

Details ⬤ 81-1  05/09/2010 Claim #81 filed by Jaime Alvarez, Amount claimed: $100000.00 (Lehrman, Seth )

*Description:* (81-1) Monies held in trust

*Remarks:* (81-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015344) | **Claim No: 82** | *Status:* |
| Robert Rozett, as personal | *Original Filed* | *Filed by:* CR |
| representative of the E | *Date*: 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| c/o Farmer Jaffe Weissing, et al. | *Original Entered* | *Modified:* |
| 425 N. Andrews Ave., Suite 2 | *Date*: 05/09/2010 | |
| Ft. Lauderdale, FL 33301 | | |

Amount  claimed: $100000.00
Secured claimed: $100000.00

*History:*

Details ⬤ 82-1  05/09/2010 Claim #82 filed by Robert Rozett, as personal representative of the E, Amount
claimed: $100000.00 (Lehrman, Seth )

*Description:* (82-1) Monies held in trust

*Remarks:* (82-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015345) | **Claim No: 83** | *Status:* |
| Enid Griffiths | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date*: 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date*: 05/09/2010 | |

Amount  claimed: $4944.62
Secured claimed: $4944.62

*History:*

Details ⬤ 83-1  05/09/2010 Claim #83 filed by Enid Griffiths, Amount claimed: $4944.62 (Lehrman, Seth )

*Description:* (83-1) Monies held in trust

*Remarks:* (83-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:* (88015346) | **Claim No: 84** | *Status:* |
| William Jaworski, p.r. of Est. Jonathan | *Original Filed* | *Filed by:* CR |
| Jaworski | *Date*: 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| c/o Farmer Jaffe Weissing, et al. | *Original Entered* | *Modified:* |
| 425 N. Andrews Ave., Suite 2 | *Date*: 05/09/2010 | |
| Ft. Lauderdale, FL 33301 | | |

Amount  claimed: $48768.37
Secured claimed: $48768.37

*History:*

Details ⬤ 84-1  05/09/2010 Claim #84 filed by William Jaworski, p.r. of Est. Jonathan Jaworski, Amount
claimed: $48768.37 (Lehrman, Seth )

*Description:* (84-1) Monies held in trust

*Remarks:* (84-1) In the alternative, Priority claim under Sec. 507(a)(3)

*Creditor:*      (88015347)      **Claim No: 85**      *Status:*
Hirbod Samsam, p.r. Est of Parvaneh    *Original Filed*      *Filed by:* CR
Samsam      *Date*: 05/09/2010      *Entered by:* Seth Lehrman, Esq.
c/o Farmer Jaffe Weissing, et al.      *Original Entered*      *Modified:*
425 N. Andrews Ave., Suite 2      *Date*: 05/09/2010
Ft. Lauderdale, FL 33301

  Amount  claimed: $10000.00
  Secured claimed: $10000.00

*History:*
Details ◉   85-1   05/09/2010 Claim #85 filed by Hirbod Samsam, p.r. Est of Parvaneh Samsam, Amount claimed: $10000.00 (Lehrman, Seth )

*Description:* (85-1) Monies held in trust
*Remarks:* (85-1) In the alternative, Priority claim under Sec. 507(a)(3)

*Creditor:*      (88015348)      **Claim No: 86**      *Status:*
Maria Prunskis      *Original Filed*      *Filed by:* CR
c/o Farmer Jaffe Weissing, et al.      *Date*: 05/09/2010      *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2      *Original Entered*      *Modified:*
Ft. Lauderdale, FL 33301      *Date*: 05/09/2010

  Amount  claimed: $10000.00
  Secured claimed: $10000.00

*History:*
Details ◉   86-1   05/09/2010 Claim #86 filed by Maria Prunskis, Amount claimed: $10000.00 (Lehrman, Seth )

*Description:* (86-1) Monies held in trust
*Remarks:* (86-1) In the alternative, Priority claim under Sec. 507(a)(3)

*Creditor:*      (88015349)      **Claim No: 87**      *Status:*
Juan Frometa      *Original Filed*      *Filed by:* CR
c/o Farmer Jaffe Weissing, et al.      *Date*: 05/09/2010      *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2      *Original Entered*      *Modified:*
Ft. Lauderdale, FL 33301      *Date*: 05/09/2010

  Amount  claimed: $2839.85
  Secured claimed: $2839.85

*History:*
Details ◉   87-1   05/09/2010 Claim #87 filed by Juan Frometa, Amount claimed: $2839.85 (Lehrman, Seth )

*Description:* (87-1) Monies held in trust
*Remarks:* (87-1) In the alternative, Priority claim under Sec. 507(a)(3)

*Creditor:*      (88015350)      **Claim No: 88**      *Status:*
Nadine Robin      *Original Filed*      *Filed by:* CR
c/o Farmer Jaffe Weissing, et al.      *Date*: 05/09/2010      *Entered by:* Seth Lehrman, Esq.
425 N. Andrews Ave., Suite 2      *Original Entered*      *Modified:*
Ft. Lauderdale, FL 33301      *Date*: 05/09/2010

  Amount  claimed: $2347.65
  Secured claimed: $2347.65

*History:*

Details ⦾ 88-1   05/09/2010 Claim #88 filed by Nadine Robin, Amount claimed: $2347.65 (Lehrman, Seth )

*Description:* (88-1) Monies held in trust

*Remarks:* (88-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:*      (88015351) | **Claim No: 89** | *Status:* |
| Servando Melchor | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

  Amount claimed: $10000.00

  Secured claimed: $10000.00

*History:*

Details ⦾ 89-1   05/09/2010 Claim #89 filed by Servando Melchor, Amount claimed: $10000.00 (Lehrman, Seth )

*Description:* (89-1) Monies held in trust

*Remarks:* (89-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:*      (88015352) | **Claim No: 90** | *Status:* |
| Beatriz Lopez | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

  Amount claimed: $37994.00

  Secured claimed: $37994.00

*History:*

Details ⦾ 90-1   05/09/2010 Claim #90 filed by Beatriz Lopez, Amount claimed: $37994.00 (Lehrman, Seth )

*Description:* (90-1) Monies held in trust

*Remarks:* (90-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:*      (88015353) | **Claim No: 91** | *Status:* |
| Diana Garcia | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

  Amount claimed: $10000.00

  Secured claimed: $10000.00

*History:*

Details ⦾ 91-1   05/09/2010 Claim #91 filed by Diana Garcia, Amount claimed: $10000.00 (Lehrman, Seth )

*Description:* (91-1) Monies held in trust

*Remarks:* (91-1) In the alternative, Priority claim under Sec. 507(a)(3)

| | | |
|---|---|---|
| *Creditor:*      (88015354) | **Claim No: 92** | *Status:* |
| Yolanda Foster | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount claimed: $502.30
Secured claimed: $502.30

*History:*

Details ⊙ 92-1  05/09/2010 Claim #92 filed by Yolanda Foster, Amount claimed: $502.30 (Lehrman, Seth )

*Description:* (92-1) Monies held in trust

*Remarks:* (92-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

| *Creditor:* (88015355) | **Claim No: 93** | *Status:* |
|---|---|---|
| Evelyn Adamo | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount claimed: $2500.00
Secured claimed: $2500.00

*History:*

Details ⊙ 93-1  05/09/2010 Claim #93 filed by Evelyn Adamo, Amount claimed: $2500.00 (Lehrman, Seth )

*Description:* (93-1) Monies held in trust

*Remarks:* (93-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

| *Creditor:* (88015356) | **Claim No: 94** | *Status:* |
|---|---|---|
| Mitchell Delgado | *Original Filed* | *Filed by:* CR |
| c/o Farmer Jaffe Weissing, et al. | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| 425 N. Andrews Ave., Suite 2 | *Original Entered* | *Modified:* |
| Ft. Lauderdale, FL 33301 | *Date:* 05/09/2010 | |

Amount claimed: $10000.00
Secured claimed: $10000.00

*History:*

Details ⊙ 94-1  05/09/2010 Claim #94 filed by Mitchell Delgado, Amount claimed: $10000.00 (Lehrman, Seth )

*Description:* (94-1) Monies held in trust

*Remarks:* (94-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

| *Creditor:* (88015357) | **Claim No: 95** | *Status:* |
|---|---|---|
| Brian Korinko, p.r. Est. Jacqueline Sue | *Original Filed* | *Filed by:* CR |
| Cohen Kori | *Date:* 05/09/2010 | *Entered by:* Seth Lehrman, Esq. |
| c/o Farmer Jaffe Weissing, et al. | *Original Entered* | *Modified:* |
| 425 N. Andrews Ave., Suite 2 | *Date:* 05/09/2010 | |
| Ft. Lauderdale, FL 33301 | | |

Amount claimed: $110000.00
Secured claimed: $110000.00

*History:*

Details ⊙ 95-1  05/09/2010 Claim #95 filed by Brian Korinko, p.r. Est. Jacqueline Sue Cohen Kori, Amount claimed: $110000.00 (Lehrman, Seth )

*Description:* (95-1) Monies held in trust

*Remarks:* (95-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

| *Creditor:* (88015359) | **Claim No: 96** | *Status:* |
|---|---|---|

Tim Davis
c/o Farmer Jaffe Weissing, et al.
425 N. Andrews Ave., Suite 2
Ft. Lauderdale, FL 33301

*Original Filed
Date:* 05/09/2010
*Original Entered
Date:* 05/09/2010

*Filed by:* CR
*Entered by:* Seth Lehrman, Esq.
*Modified:*

Amount  claimed: $37541.31
Secured claimed: $37541.31

*History:*

Details ⊙ 96-1  05/09/2010 Claim #96 filed by Tim Davis, Amount claimed: $37541.31 (Lehrman, Seth )

*Description:* (96-1) Monies held in trust
*Remarks:* (96-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

*Creditor:*        (88015358)
Kenneth Valdespino and Annette
Valdespino
c/o Farmer Jaffe Weissing, et al.
425 N. Andrews Ave., Suite 2
Ft. Lauderdale, FL 33301

**Claim No: 97**
*Original Filed
Date:* 05/09/2010
*Original Entered
Date:* 05/09/2010

*Status:*
*Filed by:* CR
*Entered by:* Seth Lehrman, Esq.
*Modified:*

Amount  claimed: $60000.00
Secured claimed: $60000.00

*History:*

Details ⊙ 97-1  05/09/2010 Claim #97 filed by Kenneth Valdespino and Annette Valdespino, Amount
                claimed: $60000.00 (Lehrman, Seth )

*Description:* (97-1) Monies held in trust
*Remarks:* (97-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

*Creditor:*        (88015360)
Judith Mencke & Frank Garza
c/o Farmer Jaffe Weissing, et al.
425 N. Andrews Ave., Suite 2
Ft. Lauderdale, FL 33301

**Claim No: 98**
*Original Filed
Date:* 05/09/2010
*Original Entered
Date:* 05/09/2010

*Status:*
*Filed by:* CR
*Entered by:* Seth Lehrman, Esq.
*Modified:*

Amount  claimed: $10000.00
Secured claimed: $10000.00

*History:*

Details ⊙ 98-1  05/09/2010 Claim #98 filed by Judith Mencke & Frank Garza, Amount claimed: $10000.00
                (Lehrman, Seth )

*Description:* (98-1) Monies held in trust
*Remarks:* (98-1) In the alternative, Priority claim under Sec. 507(a)(3)

---

*Creditor:*        (88015584)
Shimon Levy
c/o William G. Salim, Jr., Esq.
Moskowitz, Mandell, Salim & Simowitz,
PA
800 Corporate Drive, Suite 500
Fort Lauderdale, FL 33334

**Claim No: 99**
*Original Filed
Date:* 05/10/2010
*Original Entered
Date:* 05/10/2010

*Status:*
*Filed by:* CR
*Entered by:* William G Salim Jr
*Modified:*

Amount    claimed: $3089861.46
Unsecured claimed: $3089861.46

*History:*

Details ◉ 99-1  05/10/2010 Claim #99 filed by Shimon Levy, Amount claimed: $3089861.46 (Salim Jr, William )

*Description:* (99-1) Investments/Promissory Notes

*Remarks:*

*Creditor:*      (88015606)
Rachel Levy
c/o William G. Salim, Jr., Esq.
Moskowitz, Mandell, Salim & Simowitz, PA
800 Corporate Drive, Suite 500
Fort Lauderdale, FL 33334

**Claim No: 100**
*Original Filed Date:* 05/10/2010
*Original Entered Date:* 05/10/2010

*Status:*
*Filed by:* CR
*Entered by:* William G Salim Jr
*Modified:*

  Amount    claimed: $250000.00
  Unsecured claimed: $250000.00

*History:*

Details ◉ 100-1  05/10/2010 Claim #100 filed by Rachel Levy, Amount claimed: $250000.00 (Salim Jr, William )

*Description:* (100-1) Investments/Promissory Notes

*Remarks:*