UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62612-CIV-MARRA

In re:

ROTHSTEIN, ROSENFELDT, ADLER, P.A.,

Debtor.
_____________________________________________/

HERBERT STETTIN, not individually but as Chapter 11 Trustee of the estate of the Debtor, Rothstein Rosenfeldt Adler, P.A.,

Plaintiff,

vs.

REGENT CAPITAL PARTNERS, LLC, a New York limited liability company, LAURA HUBERFELD and MURRAY HUBERFELD, husband and wife, NAOMI BODNER and DAVID BODNER, husband and wife, the Bodner Family Foundations, a New York corporation, DAHLIA KALTER and MARK NORDLICHT, husband and wife, and SFS CAPITAL FUNDING, LLC, a Nevada limited liability company,

Defendants.
_____________________________________________/

**AMENDED[1] OPINION AND ORDER DENYING MOTION TO WITHDRAW REFERENCE**

THIS CAUSE is before the Court upon the Motion of Defendants Regent Capital Partners, LLC, Laura Huberfeld, Murray Huberfeld, Naomi Bodner, David Bodner, Bodner Family Foundation, Inc., Dahlia Kalter, and Mark Nordlicht ("the Defendants")

---

[1] This Order is amended to delete any reference to SFS Capital Funding, LLC, whose separate motion to withdraw the reference is before the Honorable Kathleen M. Williams, Case No. 11-62649-CIV-KMW.

for Immediate Withdrawal of the Reference of This Adversary Proceeding in its Entirety [DE 1]. Plaintiff Herbert Stettin, the Trustee, filed an Omnibus Objection and Response [DE 2-3]. The Court has carefully considered the filings, recent opinions addressing the issues raised herein, and is otherwise fully advised in the premises.

**LEGAL STANDARD**

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under" or "related to" cases under Title 11 of the United States Code. 28 U.S.C. § 1334. Under 28 U.S.C. § 157(a), a district court may refer actions within its bankruptcy jurisdiction to bankruptcy judges of the district. The Southern District of Florida has a standing order that provides for automatic reference. *See* Local Rule S.D. Fla. 87.2. Section 157(d) of the Judicial Code specifies that a District Court "may withdraw, in whole or in part, any [case referred to the bankruptcy court] on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

Under 28 U.S.C. § 157(b)(1), bankruptcy judges may hear and enter final judgments in "all core proceedings arising under Title 11, or arising in a case under Title 11," subject to deferential review by a district court. Where a bankruptcy court acts in a noncore proceeding, a final order may be issued only in one of two ways: by the district court after *de novo* review of the bankruptcy court's proposed factual findings and legal conclusions, § 157(c)(1); or by the bankruptcy court with the

consent of the parties, § 157(c)(2). *Adelphia Recovery Trust v. FLP Group, Inc.*, No. 11-6847, 2012 WL 264180, *2 (S.D.N.Y. Jan. 30, 2012) quoting *Cent. Vermont Pub. Serv. Corp. v. Herber*, 341 F.3d 186, 190 (2d Cir. 2003). Congress provided a non-exclusive enumeration of "core matters" under 28 U.S.C. § 157(b)(2); a fraudulent transfer claim was designated a "core" proceeding under 28 U.S.C. § 157(b)(2)(H). While 28 U.S.C. § 157(c)(1) allows a bankruptcy judge to render findings and conclusions in "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," no other code provision explicitly authorizes bankruptcy judges to do the same in core proceedings.[2]

**DISCUSSION**

The underlying bankruptcy case of the Rothstein Rosenfeldt Adler (the "Debtor" or "RRA") law firm and this adversary proceeding arise from the elaborate fraudulent investment scheme perpetrated by RRA's CEO and founder, Scott R. Rothstein ("Rothstein"), and certain co-conspirators through the RRA law firm. Rothstein's ponzi scheme is alleged to have begun in 2005, and involved the sale of fictitious structured settlements with what turned out to be non-existent clients of RRA. Complaint ¶¶ 18-19. The Plaintiff in this proceeding is Herbert Stettin, as

---

[2] The Court notes that some district courts, including the Middle District of Florida and the Southern District of New York, have recently amended their standing order of reference to bankruptcy judges, giving them explicit authority to issue proposed findings and conclusions in connection with core matters that are found to fall within the *Stern* holding.

chapter 11 Trustee ("Trustee") for the bankruptcy estate of RRA.

On November 10, 2009, a group of petitioning creditors commenced this liquidating bankruptcy case (the "RRA Chapter 11 Case") by filing an involuntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), against the Debtor in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). On November 25, 2009, the Debtor consented to the entry of an Order for Relief under Chapter 11 of the Bankruptcy Code. On August 29, 2011, the Trustee filed the Adversary Proceeding for the avoidance of purported fraudulent conveyances and related relief. On September 20, 2011, the Trustee filed a motion for preliminary injunction, seeking an order from the Bankruptcy Court enjoining each of the Defendants, "their third party counterparties or creditors, their attorneys, agents, employees" and others from "directly or indirectly" disbursing, transferring or otherwise using the cash transfers allegedly received from the Debtor or the "proceeds, products, or replacements thereof."

Defendants move to withdraw the reference of the instant bankruptcy-based causes of action (Adv. No. 11-02473-RBR) pending before the Bankruptcy Court based upon the authority of the Supreme Court's opinion in *Stern v. Marshall*, 131 S.Ct. 2594 (2011) ("*Stern*"). Defendants argue that *Stern* invalidates 28 U.S.C. § 157(b)(2)(H) as a basis for bankruptcy courts to determine fraudulent transfer cases where, as here, they have not filed a proof of claim against the bankruptcy estate.

Regarding the application of *Stern*, Defendants assert that the Bankruptcy Court does not have the constitutional and statutory authority to either enter final judgment or render a report and recommendation on the core fraudulent conveyance claims where, as here, no proof of claim has been filed. Defendants also seek withdrawal of the reference based on their demand for a jury trial, which they do not consent to the bankruptcy court conducting. In response, Plaintiff argues that withdrawal of the reference is not required and permissive withdrawal is not appropriate. In this Order, the Court incorporates and adopts parts of the following decisions which address this issue extensively: *Adelphia Recovery Trust v. FLP Group, Inc.*, No. 11-6847, 2012 WL 264180, *2 (S.D.N.Y. Jan. 30, 2012) and *In re American Housing Foundtion*, No. 09-20232, 2012 WL 443967 (Bankr. N.D. Tex. Feb. 10, 2012).

In *Stern*, the Supreme Court held that Congress's delineation of core matters in §157(b)(2) overstepped constitutional boundaries in at least one respect, and thus established "that identifying a claim as 'core' or 'non-core' under the bankruptcy law does not necessarily determine whether a bankruptcy court is constitutionally empowered to finally adjudicate the matter." *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP, (In re Coudert Brothers LLP)*, No. 11–5994, 2011 WL 5244463, at *4 (S.D.N.Y. Nov. 2, 2011) ("*Coudert*"). The Supreme Court stated that the Bankruptcy Court's power to enter final judgments on matters is not co-extensive with what the statute considers "core;" some matters considered core cannot be

finally adjudicated in the Bankruptcy Court where they involve only private rights[3] (such as fraudulent transfer claims) that will not necessarily be determined in ruling on a proof of claim filed against the estate, unless all the parties consent. *Id*.

Defendants argue that withdrawal of the reference is mandatory because the Bankruptcy Court lacks express statutory authority to submit proposed findings of fact and conclusions of law on fraudulent conveyance claims post- *Stern*. The Bankruptcy Code specifically provides that a bankruptcy court may hear and "submit proposed findings of fact and conclusions of law to the district court," subject to *de novo* review, in a proceeding "that is not a core proceeding." 28 U.S.C. § 157(c)(1). However, since fraudulent conveyance matters, such as those at issue here, are expressly "core" matters under 28 U.S.C. § 157(b)(2)(H), there is no explicit comparable authority to follow a similar procedure. Defendants argue that even if one would speculate that Congress would have allowed bankruptcy courts to render proposed findings of fact and conclusions of law in core proceedings had they foreseen *Stern*, a federal court is not free to rewrite a statutory scheme in anticipation of what Congress might have wanted. *Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992). Thus, Defendants argue that absent explicit authority bankruptcy courts cannot follow this procedure. They cite the opinion *In re Blixseth* from the

[3] In *Stern*, the Supreme Court relied on and recounted its prior holding in *Granfinanciera* that a bankruptcy trustee's right to recover a fraudulent conveyance is "more accurately characterized as a private right than a public right." *Stern*, 131 S.Ct. at 2614 (quoting *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 55–56 (1989)).

Montana bankruptcy court in support of this conclusion. Bankr. No. 09–60452–7, Adv. No. 10–0088, 2011 WL 3274042, at *12 (Bankr. D. Mont. Aug. 1, 2011) (holding it had no authority to enter proposed findings of fact and conclusions of law on a "core" fraudulent conveyance claim because it "may not constitutionally hear the fraudulent conveyance claim as a core proceeding, and this Court does not have statutory authority to hear it as a non-core proceeding").

The reasoning of Defendants and the *Blixseth* Court merely demonstrate that uncertainty exists following *Stern*, but the majority of district and bankruptcy courts that have addressed this argument conclude that what is certain is that the Supreme Court did not intend to deprive the bankruptcy courts of any role in dealing with fraudulent conveyance actions. *In re El-Atari*, 11-1090, 2011 WL 5828013, *4-5 (E.D. Va. Nov. 18, 2011). *See In re Canopy Fin., Inc.*, No 11-5360, 2011 WL 3911082, at *2, 4 (N.D. Ill. Sept. 1, 2011) ( finding that even if entering a final judgment might be unconstitutional, "the statute would still allow bankruptcy courts to 'hear' all those claims, even if they remain core proceedings.... Given that bankruptcy courts may propose findings of fact and conclusions of law in non-core proceedings, it is reasonable that they could employ the same procedure in core proceedings"); *Boyd v. King Par, LLC*, No. 11–1106, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011) ("[E]ven if there is uncertainty regarding the bankruptcy court's ability to enter a final judgment ... that does not deprive the bankruptcy court of the power to entertain all pre-trial proceedings, including summary judgment motions"); *Field v.*

*Lindell et al. (In re Mortgage Store, Inc.)*, No. 11–00439, 2011 WL 5056990, at *5–7 (D. Haw. Oct. 05, 2011) ("*Mortgage Store*") (rejecting *Blixseth* and noting that the "court has little difficulty in finding that Congress, if faced with the prospect that bankruptcy courts could not enter final judgments on certain 'core' proceedings, would have intended them to fall within 28 U.S.C. § 157(c)(1) granting bankruptcy courts authority to enter findings and recommendations"); *In re Teleservices Group*, No. 05–00690, 2011 WL 3610050, at *19 (Bankr. W.D. Mich. Aug. 17, 2011) (after exhaustively analyzing the line of cases culminating in *Stern*, concludes that after *Stern*, the bankruptcy court may hear but not decide fraudulent conveyance actions); I*n re Heller Ehrman LLP*, No. 08-32514, 2011 WL 4542512, *6 (Bkrtcy. N.D. Cal. Sept. 28, 2011) ("*Heller*") (Title 28 does not prohibit bankruptcy courts from issuing proposed findings of fact and conclusions of law in core proceedings; the absence of an explicit provision is not a prohibition. Sections 157(a)(1) and (b)(1) of the Judicial Code contain general grants of broad authority to both district and bankruptcy courts. "[I]f the fraudulent transfer claims are ultimately determined to fall outside the scope of my authority they would still be related to the bankruptcy case. I could enter proposed findings and . . . determine dispositive motions that do not require factual findings"); *In re Emerald Casino, Inc.*, No. 02-22977, 2011 WL 3799643 at *1 and n.1 (Bankr. N.D. Ill. Aug. 26, 2011) (disagreeing with *Blixseth* and noting that if a matter is no longer covered by the statutory definition of core, they can still be non-core and fall fully within the definition of "related to" proceedings); *Kelley v.*

*JPMorgan Chase & Co.*, No. 11-193, 2011 WL 4403289 at *6 (Bankr. D. Minn. Sept. 21, 2011) (agreeing that even if the bankruptcy judge could not issue a final judgment "he has the unquestioned authority to conduct pretrial proceedings and submit proposed findings of fact and conclusions of law to the district court"); *In re Refco Inc.*, 461 B.R. 181, 2011 WL 5974532, at *10 ("it would be absurd to conclude that the bankruptcy courts are deprived of jurisdiction over matters designated by Congress as core when, for Article III reasons, Congress gave jurisdiction to bankruptcy courts to issue proposed findings of fact and conclusions of law in non-core matters").

Allowing a bankruptcy judge to issue findings of facts and conclusions of law in core matters is described favorably in *Stern*:

> [T]he current bankruptcy system ... requires the district court to review *de novo* and enter final judgment on any matters that are "related to" the bankruptcy proceedings, and permits the district court to withdraw from the bankruptcy court any referred case, proceeding or part thereof. [Respondent] has not argued that the bankruptcy courts are barred from hearing all counterclaims or proposing findings of fact and conclusions of law on these matters, but rather that it must be the district court that finally decides them. We do not think the removal of counterclaims such as [Petitioner's] from core bankruptcy jurisdiction meaningfully changes the division of labor in the current statute....

*Heller*, 2011 WL 6179149, at *6, quoting *Stern*, 131 S.Ct. at 2620. Removing fraudulent transfer actions from bankruptcy court jurisdiction would meaningfully change the division of labor between bankruptcy and district courts. *Id.*; *Coudert*, 2011 WL 5593147, at *13 ("[t]his Court recently found that reviewing *de novo* determinations of the Bankruptcy Court in 'core' matters that nevertheless involve

private rights best effectuates the Congressional intent behind the 1984 Act, as well as the Supreme Court's admonishment in *Stern* that the division of labor between the District Court and the Bankruptcy Court should be disturbed as little as possible") (citing *Retired Partners of Coudert Brothers Trust v. Baker & McKenzie LLP*, 2011 WL 5593147, at *12–15 (S.D.N.Y. Sept. 22, 2011)); *accord In re Extended Stay, Inc.*, No. 09-13764, 2011 WL 5532258, at *7 (S.D.N.Y. Nov. 10, 2011) ("In the event that the bankruptcy court does not have constitutional authority to enter a final judgment on certain claims, it may submit proposed findings of fact and conclusions of law to this Court. Withdrawing the reference simply due to the uncertainty caused by *Stern* is a drastic remedy that would hamper judicial efficiency on the basis of a narrow defect in the current statutory regime identified by *Stern*"); *Adelphia Recovery Trust v. FLP Group, Inc.*, No. 11-6847, 2012 WL 264180, *6 (S.D.N.Y. Jan. 30, 2012).

At this time, the Court, in its discretion, finds that neither judicial economy nor substantial prejudice to Defendants require the immediate withdrawal of the reference. Withdrawal of the reference at this stage would result in this Court losing the benefit of the bankruptcy court's experience in both the law and facts, and leading to an inefficient allocation of judicial resources. *In re Maui Indus. Loan Finance Co.*, 11–00552, 2011 WL 6934571, 9-11 (D. Haw. Dec. 29, 2011); *Mortgage Store*, 2011 WL 5056990, at *7; *Birdsell v. Schneider*, No. 11–0484, 2011 WL 1540145, at *2 (D.Ariz. Apr. 22, 2011) ("[E]ven where withdrawal of the reference may ultimately be necessary, we may choose not to withdraw immediately so as to take

advantage of the bankruptcy court's familiar[ity] with the facts and expertise in the law").

This case is in its early stages. Leaving adjudication of this case with the Bankruptcy Court means that the discovery issues, settlement conferences, and motion practice will be supervised in this adversary proceeding most efficiently by the same court that is currently supervising the other adversary proceedings filed in connection with the bankruptcy estate. Given these considerations, Defendants have not established cause for immediate withdrawal of the reference.

Defendants are entitled to a trial by jury for all issues so triable. Defendants' right to a jury trial is deemed preserved. Defendants do not consent to the Bankruptcy Court conducting a jury trial in this proceeding. As a result the Bankruptcy Court may not try any issues as to Defendants that are triable by a jury. The reference as to this adversary proceeding shall be withdrawn as to Defendants if and when this matter is ready for trial. The reference of this adversary proceeding shall remain with the Bankruptcy Court as to all pretrial matters, including dispositive motions such as motions for summary judgment. *In re Dreis*, No. 94-4281, 1995 WL 41416, at * 3 (N.D. Ill. Jan. 31, 1995) ("a court may wait until the case is ready to go to trial before withdrawing the reference" because "[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible") (internal citations

omitted); *see also Stein v. Miller*, 158 B.R. 876, 880 (S.D. Fla. 1993) (the defendants were not entitled to have dispositive motions decided by the district court, despite the withdrawal of the reference for the purpose of jury trial). To the extent the Bankruptcy Court may not, as a matter of law, dispose of any pretrial matter, the Court refers that matter to the Bankruptcy Court for a Report and Recommendation.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) The Motion of Defendants Regent Capital Partners, LLC, Laura Huberfeld, Murray Huberfeld, Naomi Bodner, David Bodner, Bodner Family Foundation, Inc., Dahlia Kalter, and Mark Nordlicht for Immediate Withdrawal of the Reference of This Adversary Proceeding in its Entirety [DE 1] is **GRANTED IN PART AND DENIED IN PART**.

2) The Bankruptcy Court reference is **WITHDRAWN IN PART** for the purpose of a jury trial. The Bankruptcy Court **REFERENCE IS AFFIRMED** consistent with this Order.

3) The Clerk shall **CLOSE** this case. When any matter is appropriate for review by the Court or the case is ready for trial, any party may open a new case in the district court and attach a copy of this Order so that this case will be assigned to the undersigned.

4) All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of March, 2012.

KENNETH A. MARRA
United States District Judge